THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* RENE PILON, Appellant.

Third Department, July 23, 1968.

*J. Robert La Pann* and *Peter D. Fitzgerald* for appellant.
*Thomas R. North, District Attorney,* for respondent.

HERLIHY, J.  This is an appeal from a judgment of the County Court of Clinton County rendered upon a jury verdict convicting the appellant Pilon and two others of committing a felony murder.

Upon the present record, it is clearly established that on March 22, 1965 shortly after 9:00 A.M., one Couture and three other men robbed a bank at Ellenburg Depot.  In the process of committing the robbery, one of the three men inside the bank killed a bank employee.

Subsequent to the robbery, Couture confessed and was a witness for the People at the trial.  One Berube confessed that he had stolen the automobile used in the robbery for such use of the defendants and as to many other facts prior to and subsequent to the commission of the robbery.  The substantial factual issue for the jury in this case was the identity of the three people who actively participated in the robbery with Couture.  Couture identified Pilon and the other two defendants, Beaudet and Dupuis, as the unknown participants.  Berube identified Pilon and the other two defendants as having planned the robbery and as admittedly having committed the robbery.  There was an abundance of independent evidence which corroborated the testimony of Couture as to the manner in which the crime was committed and which corroborated the testimony of Berube as to his admitted acts in connection with the robbery.  As to Pilon, the evidence independent of the testimony of Couture and Berube was limited in many respects.

On this appeal the most cogent attack of Pilon on the judgment of conviction is that the trial court should have instructed the jury that Berube was an accomplice as a matter of law and should have granted his motions for a severance of the trial.

The trial court instructed the jury that whether or not Berube was an accomplice was a question of fact for its consideration. Whether the jury considered Berube's testimony to corroborate the testimony of Couture or found Berube an accomplice so that his testimony could not be corroborative is crucial in regard to the weight and consideration the jury would have to give such other independent evidence in the record as to Pilon's participation in the crime.

The importance of this aspect of the case is best illustrated by the conduct of the jury. After retiring to deliberate, a note was sent to the court as follows: " Is there any law that states exactly what an accomplice is? Is there a legal definition? If so, may we please have it? Thank you. The Jury. "

Accordingly the jury was returned to the courtroom and the court instructed it as to the word " accomplice " and an exception was noted on behalf of the attorney for the appellant.

Later, a second note was sent to the court, which stated: " Would it be possible for us to have a copy of Berube's testimony on the witness stand? We feel it would be more beneficial than having it read to us. Thank you. The Jury. "

This request was afterward changed to include only the direct examination and which was granted.

The jury also requested and was granted a reading of the testimony of the witness Couture " as concerns Sunday, March 21, and Monday morning, prior to leaving the Hotel Lapapiniere ".

After returning its verdict and prior to its discharge, the following took place:

" Mr. Holcombe: Please the court, before the jury is discharged, I have a request to make. I request the court to ask the jury to advise whether or not they found the witness Roland Berube to be an accomplice.

" The Court: Well, do you want to be heard on that, Mr. North?

" Mr. North: The verdict is returned. I think that is an improper request, without any authority at law for it, your honor, I know of none.

" The Court: I am going to deny the request. "

Subsequent to the judgment of conviction in the present trial, the United States Supreme Court decided *Bruton* v. *United States* (391 U. S. 123). Albeit it is concerned with the admission of an oral confession in a joint trial, the rationale and the reasoning of the court lead to the conclusion that it governs the present situation. In that case the court citing from an opinion in *Krulewitch* v. *United States* (336 U. S.

440, 453), stated: "The naive assumption that prejudicial effects can be overcome by instructions to the jury * * * all practicing lawyers know to be unmitigated fiction." (See *People* v. *Jackson,* 22 N Y 2d 446 [decided July 2, 1968]; *People* v. *Boone,* 22 N Y 2d 476 [decided July 2, 1968].)

The conduct of the present trial presents an additional problem. Counsel for Pilon very properly took exceptions to the admission of testimony not binding on his client. The jury was instructed that subsequent and ensuing questions were receivable against certain defendants, but the place in the subsequent testimony where the admissibility issue changed as among the defendants, in the present record, would be difficult for the jury to comprehend. It might be opined that the shifting of testimony in the present circumstances would be more difficult than if related solely to a confession.

Under such circumstances the instruction by the court at the time of the objection and in the charge as to the decisive issue of admissibility as against Pilon was vague, indefinite and ineffective. As we view the case in retrospect, because of the substantial difference in the weight and the quantum of the evidence that was admissible against Beaudet and Dupuis, but inadmissible as against Pilon, it becomes readily apparent that he was entitled to a separate trial and this is even more evident when considered with the instruction by the court that whether Berube was an accomplice was a factual issue for the jury's determination, having previously charged that Couture was an accomplice as a matter of law.

Prior to the trial, Pilon had requested that he be granted a severance and separate trial. In view of the fact that we do not know whether or not the jury found Berube to be an accomplice and upon what basis they found their judgment of guilt, we find that the more substantial corroborative evidence admitted as to Beaudet and Dupuis was very likely relied upon by the jury as to Pilon. The testimony put into the record as against Dupuis and Beaudet was of such a nature as to probably obscure the separate issue of Pilon's guilt or innocence, even though the court advised the jury that it should not be considered against Pilon. We are of the opinion from our review of the record that a reasonable doubt exists as to whether or not, under the circumstances, the said Pilon had a fair trial and are therefore constrained to now grant his motion for a separate trial.

In view of our decision that Pilon should have a new and separate trial, it is not necessary to review the other collateral questions raised in appellant's brief. We would note, however,

that on the present record we find nothing prejudicial in that an attorney in the early stages of the case represented all of the defendants.

Upon the retrial the question of whether Berube was an accomplice as a matter of law should be carefully re-examined in the light of the evidence then before the court. It is unnecessary to reach that question upon the record before us on this appeal.

The judgment should be reversed, on the law and the facts, and a new trial granted.

GIBSON, P. J., AULISI, STALEY, JR., and GABRIELLI, JJ., concur.

Judgment reversed, on the law and the facts, and a new trial granted.