■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TYRONE ROBINSON, Appellant.—Judgment unanimously modified on the law and as modified affirmed in accordance with the following memorandum: The District Attorney concedes that defendant's convictions of criminal use of a weapon in the first degree must be reversed *(see, People v Brown,* 67 NY2d 555, *cert denied* — US —, 107 S Ct 1307). Accordingly, these convictions are reversed, the underlying counts of the indictment dismissed, and the sentences imposed thereon vacated.

As to the remaining convictions, defendant claims that the court erred in ordering a severance at the time of trial in violation of CPL 200.40 (1) and 255.20. We disagree. At the time of trial, one of the two codefendants had yet to be apprehended and serious identification problems existed as to the other. Under these circumstances, the trial court properly exercised its discretion pursuant to CPL 255.20 (3) in ordering separate trials *(see, People v Lane,* 56 NY2d 1, 8; *People v Rodriguez,* 91 AD2d 591, 592; *People v Pilon,* 30 AD2d 365). We have reviewed the remaining arguments raised by defendant and find them to be without merit. (Appeal from judgment of Supreme Court, Erie County, Marshall, J.—robbery, first degree, and criminal use of a firearm, first degree.) Present—Dillon, P. J., Boomer, Green, Balio and Lawton, JJ.