OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be affirmed.
 

 We agree with the Appellate Division that the People’s entire case was based upon circumstantial evidence and that the trial court erred in declining the defense request for a
 
 *889
 
 circumstantial evidence charge. Defendant was not observed in actual physical possession of the drugs and weapons found in his apartment. Therefore, his criminal responsibility for the possessory crimes charged against him had to be based upon his "exercise [of] dominion or control over” the contraband (Penal Law § 10.00 [8]). Although there may have been direct evidence of defendant’s dominion and control over his apartment from defendant’s observed presence in the apartment and his admissions that he lived there, there was no direct evidence of his dominion or control over the drugs and weapons found in the apartment. The direct evidence of defendant’s dominion and control over the apartment, as well as the remaining incriminating evidence against him such as his flight from the premises, the gun which fell to the floor at the window through which he fled and the presence of his passport along with weapons in the locked safe in the closet of his apartment, all required the drawing of an additional inference to establish defendant’s dominion and control over the contraband and, thus, was circumstantial
 
 (cf., People v Daddona,
 
 81 NY2d 990, 992).
 

 The circumstantial evidence charge is a "material legal principle[ ]” required by CPL 300.10 (2) when the People’s evidence is entirely circumstantial. In this case, however, the evidence that defendant at least shared dominion and control over the weapons and drugs was overwhelming and there simply is no reasonable possibility, let alone significant probability that the jury would have acquitted here if the circumstantial evidence charge had been given
 
 (People v Crimmins,
 
 36 NY2d 230, 242). Thus, we agree with the Appellate Division in concluding that, in light of the People’s proof, this represents the exceptional case where the failure to give the circumstantial evidence charge was harmless error
 
 (see,
 
 CPL 470.05 [1]). Contrary to defendant’s contention, the failure to so instruct did not deprive defendant of his right to a jury trial under the Federal and State Constitutions (US Const Sixth Amend; NY Const, art I, § 2). Under the circumstances presented in this case, the inference of defendant’s constructive possession of the contraband was the only reasonable inference.
 

 Chief Judge Kaye and Judges Simons, Titone, Bellacosa, Smith, Levine and Ciparick concur.
 

 Order affirmed in a memorandum.