■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES RICHARDS, Appellant. [641 NYS2d 335] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Demarest, J.), rendered June 28, 1994, convicting him of criminal possession of a controlled substance in the third degree and criminal possession of a weapon in the fourth degree (three counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is reversed, on the law, and a new trial is ordered.

On the evening of May 1, 1990, Housing Police Officers John Fox, Richard Fasano, Sean Mullan, and a number of other officers went to 29 Avenue W in Brooklyn to investigate an anonymous telephone tip that a "J.B." was in apartment 13B packaging drugs. The caller had also stated that there were possibly guns in the apartment. The officers received the permission of the tenant of record, a Joyce Grace, to enter the apartment, and, once inside, they saw the defendant and three

other people in the living room. While talking to Grace, the officers received two radio transmissions indicating that drugs and other paraphernalia were being tossed out the back windows of the apartment. When Grace repeatedly denied that anyone was in the back bedroom, the officers went down the hallway to the back bedroom and kicked the door open. Inside this bedroom they found the codefendant John McIlwain and a female together with drugs and guns. No drugs or guns were found anywhere else in the apartment, and no drugs or guns were found on the defendant who had been in the living room the entire time. During processing at the stationhouse, the defendant indicated that he lived in the apartment with Grace. The trial court denied defense counsel's request for a circumstantial evidence charge.

We agree with the defendant's contention that the trial court erred in failing to give a circumstantial evidence charge although it had been requested to do so. The People proceeded to trial strictly on a theory of constructive possession, and, therefore, they were required to show that the defendant exercised dominion and control over the drugs and guns found in the back bedroom. However, while "there may have been direct evidence of defendant's dominion and control over [the] apartment from [his] observed presence in the apartment and his admissions that he lived there, there was no direct evidence of his dominion or control over the drugs and weapons found in the apartment. The direct evidence of defendant's dominion and control over the apartment * * * required the drawing of an additional inference to establish defendant's dominion and control over the contraband and, thus, was circumstantial" (*People v Brian,* 84 NY2d 887, 889).

In the instant case, the evidence adduced at trial established only that the defendant lived in the apartment with the tenant of record, Joyce Grace. There was no other evidence to connect the defendant with the drugs or guns found in the back bedroom or with the activities of the codefendant McIlwain or McIlwain's female companion at the time of the incident.

Since the People's case against the defendant was wholly circumstantial and far from overwhelming, the failure to give a circumstantial evidence charge as requested mandates reversal (*see, People v Davis,* 153 AD2d 949).

Our decision herein that the defendant exercised dominion and control over the apartment is not inconsistent with this Court's decision in a prior case involving the defendant entitled *People v Richards* (198 AD2d 441). In that case, we held that the defendant lacked standing to contest the seizure of the safe

found in the back bedroom since there was evidence at the suppression hearing that he had expressly denied ownership of the safe *(see, People v Richards, supra)*.

In light of our determination we do not reach the defendant's remaining contentions. Balletta, J. P., O'Brien, Santucci and Florio, JJ., concur.