■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERTO A. HUBERT, Appellant. [655 NYS2d 140] —Crew III, J. Appeal from a judgment of the County Court of Broome County

---

(Mathews, J.), rendered January 31, 1996, upon a verdict convicting defendant of the crimes of criminal possession of a weapon in the third degree, obstructing governmental administration in the second degree and criminal impersonation in the second degree.

On April 2, 1994, Charles Matson was shot by an individual identified as defendant, as a result of which a warrant was issued for defendant's arrest. During the evening of March 30, 1995, the City of Binghamton Police Department in Broome County received information that defendant was on Munsell Street in the City walking a pit bull. Police officers Larry Hendrickson and Lewis McAllister drove to Munsell Street and observed an individual fitting defendant's description. As the officers approached defendant to execute the warrant, the pit bull began snarling and growling and lunged at the officers. The officers informed defendant that they had a warrant for the arrest of Roberto Hubert for assault in the second degree and further advised defendant that he was under arrest. As the dog continued to lunge at the police officers, a woman appeared on the scene and advised defendant that she would take the dog, but he refused. The officers repeatedly requested defendant to give control of the dog to the woman and come with them, but he refused claiming that his name was Robert Johnson and that they had the wrong man. Finally, the woman grabbed the dog's leash and pulled it away from the officers, at which point they took defendant into custody. As a result of that incident, defendant was indicted and charged with criminal possession of a weapon, obstructing governmental administration and criminal impersonation. Following a trial, defendant was convicted as charged and, with respect to the charge of criminal possession of a weapon, was sentenced to an indeterminate term of imprisonment of $2^1/_3$ to 7 years. Defendant now appeals.

Following a *Ventimiglia* hearing, County Court permitted the People to present evidence of the underlying crime for which the officers were attempting to arrest defendant. Defendant contends that such ruling constituted reversible error. We disagree. It is now axiomatic that evidence of an uncharged crime is admissible on the People's direct case if it bears upon, *inter alia*, the motive and state of mind of the defendant (*see, People v Molineux*, 168 NY 264). Here, evidence of the extremely serious underlying assault establishes a motive for defendant's use of the pit bull to resist arrest, as well as his motive for misidentifying himself (*see, People v Till*, 87 NY2d 835, 837).

With regard to defendant's litany of claimed prosecutorial errors during direct examination, cross-examination and summation, we find most of defendant's contentions to be without merit and note that, where meritorious, objections by counsel were sustained and prompt curative instructions were given by County Court. We do observe, however, that the prosecutor improperly asked questions that required defendant to characterize prosecution witnesses as liars (*see, People v Ely*, 164 AD2d 442, *lv denied* 77 NY2d 905). However, given the overwhelming proof of defendant's guilt and the charge to the jury regarding credibility of witnesses and burden of proof, we find such error to be harmless (*supra*, at 446). Finally, we find no merit to defendant's contention that he was denied the effective assistance of counsel.

Mikoll, J. P., Yesawich Jr., Spain and Carpinello, JJ., concur. Ordered that the judgment is affirmed.