■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SHROCKIE KIRK, Also Known as SKI, Appellant. [736 NYS2d 778] —Lahtinen, J. Appeals (1) from a judgment of the County Court of Schenectady County (Eidens, J.), rendered March 3, 2000, upon a verdict convicting defendant of the crimes of assault in the third degree, robbery in the second degree, criminal sale of a controlled substance in the third degree (three counts), criminal possession of a controlled substance in the third degree (four counts), criminal possession of a weapon in the third degree, possessing an obscene sexual performance by a child, rape in the third degree (three counts) and sodomy in the third degree, and (2) by permission, from an order of said court, entered December 22, 2000, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment of conviction, without a hearing.

Defendant was charged in a 19-count indictment with the crimes of robbery in the second degree (two counts), criminal sale of a controlled substance in the third degree (three counts), criminal possession of a controlled substance in the third degree (four counts), criminal possession of a controlled substance in the seventh degree (four counts), criminal possession of a weapon in the third degree, possessing an obscene sexual performance by a child, rape in the third degree (three counts) and sodomy in the third degree. All of the charges occurred at various locations and times in the City and County of Schenectady. The robbery charges resulted from an incident on April 8, 1999 at 313 Victory Avenue, property owned by defendant. The drug sale and possession charges arose from separate incidents alleged to have involved defendant's possession and sale of crack cocaine to a confidential police informant on two occasions on April 9, 1999 and one occasion on April 28, 1999, and defendant's possession of crack cocaine on April 30,

1999, all at that same location. The possession of a weapon charge stemmed from the recovery of a .357 magnum handgun found as a result of an earlier warrantless search of the attic of defendant's house on April 30, 1999. The sex charges and child pornography charges arose from defendant's interaction with a then 15-year-old female (hereinafter the victim) between November 1998 and January 1999.

Following pretrial motions and several court appearances, defendant proceeded to trial with a jury and was convicted of assault in the third degree, as a lesser included offense of the first count of robbery in the second degree, and 14 other charges in the indictment.[1] At sentencing, County Court denied defendant's motion to set aside the verdict (*see*, CPL 330.30) and then proceeded to sentence defendant to various concurrent and consecutive terms of imprisonment. Subsequent to his sentencing, defendant moved, pro se, to vacate his judgment of conviction pursuant to CPL 440.10 on the grounds that he received ineffective assistance of counsel and the People engaged in prejudicial conduct. County Court denied the motion without a hearing. Defendant now appeals from his judgment of conviction and, by permission of this Court (*see*, CPL 450.15 [1]), from the summary denial of his CPL 440.10 motion.

Defendant first contends that the "myriad errors" of defense counsel "were so pervasive as to taint the validity of the verdict." He claims that defense counsel's ineffective assistance included the failure to make pretrial motions seeking a severance of the sex charges,[2] dismissal of the weapons charge and suppression of certain of the People's evidence, and defense counsel's failure to object to the introduction of improper evidence, failure to object to the People's summation and failure to request appropriate jury instructions. To succeed on his claim that he was denied the effective assistance of trial counsel, defendant bears the "high burden of demonstrating that he was deprived of a fair trial by less than meaningful representation" (*People v Hobot*, 84 NY2d 1021, 1022), which entails a review of the totality of "the evidence, the law, and the circumstances" (*People v Baldi*, 54 NY2d 137, 147) in a given case to see if that standard has been met (*see, id.* at 147; *see also*, NY Const, art I, § 6).

---

**1.** Pursuant to instructions from County Court after finding defendant guilty of criminal possession of a controlled substance in the third degree, the jury did not consider the four counts of criminal possession of a controlled substance in the seventh degree.

**2.** The sex charges included the three counts of rape in the third degree, the single count of sodomy in the third degree and the count of possession of photographs depicting an obscene sexual performance by a child.

Initially, we can conceive of no legitimate, strategic or tactical explanation for defense counsel's failure to move for a severance of the sex charges from the remaining counts of the indictment, nor does defense counsel's opening, summation or anything else in the trial record provide such an explanation (*see, People v Rivera*, 71 NY2d 705, 709). On this record, County Court would have been constrained to grant a duly noticed severance motion. The drug and weapons charges occurred at different locations and on different dates than the sex offenses and were not properly joinable under the applicable statutory criteria (*see,* CPL 200.20 [2]; *People v Dabbs*, 192 AD2d 932, *lv denied* 82 NY2d 707). Additionally, we would not characterize the People's proof pertaining to the drug and weapons charges as overwhelming (*cf., People v Casiano*, 138 AD2d 892, *lv denied* 72 NY2d 857) and, in our view, defendant's admission of guilt to the statutory rape counts of the indictment during the course of his trial testimony exposed him to significant prejudice, which negatively impacted upon his assertion of innocence on the wholly unrelated drug and weapons charges, resulting in a manifestly unfair trial (*see, People v Daniels*, 216 AD2d 639). Where "a single, substantial error by counsel so seriously compromises a defendant's right to a fair trial, it will qualify as ineffective representation" (*People v Hobot, supra* at 1022).

In addition, defense counsel did not object to those portions of the People's summation where the prosecutor referred to defendant's involvement with uncharged crimes and inferred that he believed that defendant was guilty (*see, People v Simmons*, 110 AD2d 666, 667), or to the People's cross-examination of defendant, which improperly required defendant to characterize the People's witnesses as liars (*see, People v Hubert*, 237 AD2d 756, 758, *lv denied* 90 NY2d 859).

Notable as well is the fact that although County Court granted defendant's applications for *Wade* and *Huntley* hearings, it does not appear that these hearings were ever held.[3] However, a crucial component of the People's proof of defendant's possession of the .357 magnum handgun consisted of his statement made to a police officer which, absent the *Huntley* hearing, remained legally unchallenged. Further, the record reveals that the legality of the police searches of (1) the attic of defendant's home without a warrant and (2) defendant's apartment pursuant to a warrant was inexplicably conceded despite facts in the record that could arguably form the basis for a motion to suppress the weapon seized in the warrantless search of

---

**3.** In his affidavit in support of his CPL 440.10 motion, defendant states that defense counsel persuaded defendant to waive these hearings.

defendant's attic and the drugs, ammunition, cash and obscene photographs of the victim seized in the search of defendant's apartment. Consequently, we conclude that defense counsel's substantial failure to move for a severance, combined with the cumulative effect of his other omissions in the conduct of the defense of this action, effectively deprived defendant of a fair trial, requiring reversal of his judgment of conviction (*see, People v Droz*, 39 NY2d 457). Upon remittal, defendant should be assigned new counsel who shall be given the opportunity to make any relevant pretrial motions.

As this case is being remitted for a new trial, we need not address defendant's other contentions, save one. Defendant testified that he was not present at 313 Victory Avenue on April 9, 1999, April 28, 1999 or April 30, 1999 and he did not live at that address on those dates, but lived elsewhere and provided the address of his residence on those dates. Accordingly, on this record, defendant would have been entitled to an alibi charge (*see, e.g., People v Butts*, 72 NY2d 746, 750; *People v Holt*, 67 NY2d 819, 820). Moreover, County Court's charge pertaining to the People's burden of proof was insufficient to render County Court's refusal to so instruct the jury harmless error (*see, e.g., People v Warren*, 76 NY2d 773, 775; *People v Merritt*, 265 AD2d 733, 734, *lv denied* 94 NY2d 826).

Crew III, J.P., Peters, Spain and Rose, JJ., concur. Ordered that the judgment and order are reversed, on the law and the facts, and matter remitted to the County Court of Schenectady County for further proceedings not inconsistent with this Court's decision.