Peters, J.
Appeal from a judgment of the County Court of Albany County (Herrick, J.), rendered March 20, 2002, upon a verdict convicting defendant of the crime of criminal possession of a controlled substance in the fifth degree.
At the time of the execution of a search warrant for an apartment at 138 Grand Street in the City of Albany, defendant, Antonio Rivera, Keisha Lewis and defendant’s infant child were present. In a cabinet above the sink, the police recovered a quantity of crack cocaine and razor blades; plastic bags and a scale were found elsewhere in the apartment. Defendant and Rivera were arrested and defendant was charged in a two-count indictment with the crimes of criminal possession of a controlled *710 substance in the third and fifth degrees. Rivera entered into a plea agreement and defendant proceeded to trial.
At trial, the People presented the testimony of numerous witnesses including John Monte, a detective, who stated that in response to pedigree information, defendant advised that he lived at the Grand Street apartment; Rivera stated that he lived on Morton Avenue. Donald Segal, owner of the Grand Street property, confirmed that defendant resided in an apartment at that address and that he was unfamiliar with Rivera. As the People’s case was based upon constructive possession, defendant proffered Rivera’s testimony which stated that he lived with defendant at the Grand Street apartment, albeit for just a couple of months. Rivera also admitted that the seized cocaine belonged to him, that he had been arrested for possession of cocaine and that he had pleaded guilty.
At a charging conference, defense counsel requested a circumstantial evidence charge (see 1 CJI[NY] 9.05, at 475), providing County Court with case law to support his request. Counsel argued that such charge “must convey that the evidence must exclude beyond a reasonable doubt every reasonable hypothesis of innocence.” The court rejected counsel’s request and charged the standard circumstantial evidence charge since it “believ[ed] that the case ha[d] a mix of direct and circumstantial evidence.” Thus, the court did not advise the jury that the circumstantial facts proved must be “consistent with guilt and inconsistent with innocence, ... [or that] [t]he circumstantial facts proved must exclude to a moral certainty every hypothesis but guilt” (1 CJI[NY] 9.05, at 475).
After extensive deliberation, readbacks and a reported deadlock, the jury returned a verdict convicting defendant of criminal possession of a controlled substance in the fifth degree and acquitted him of criminal possession of a controlled substance in the third degree. Defendant appeals and we reverse.
Defendant was not observed in actual physical possession of the drugs found in the cabinet in his apartment and, although the People presented direct evidence of his dominion and control over the apartment, there was no direct evidence concerning his dominion or control over the drugs which were found there (see People v Brian, 84 NY2d 887, 889 [1994]). Thus, to find that defendant had control over the contraband, the drawing of an additional inference was required. For this reason, the circumstantial evidence charge requested by defense counsel was required (see People v David, 234 AD2d 787, 790 [1996], lv denied 89 NY2d 1034 [1997]).
*711 With Rivera testifying that he also resided in the apartment and that the drugs belonged to him, the evidence against defendant was clearly not overwhelming. For these reasons, we cannot conclude that the failure to give the proper circumstantial evidence charge constituted harmless error (see CPL 470.05 [1]; compare People v Brian, supra at 889). In so finding, we viewed the evidence, as we must, in a manner most favorable to the prosecution, with all reasonable inferences leaning in the People’s favor. As the Court of Appeals has cautioned: “it [is] not necessary that a circumstantial evidence charge use the words ‘moral certainty’ .... [However,] ‘the jury should be instructed in substance that it must appear that the inference of guilt is the only one that can fairly and reasonably be drawn from the facts, and that the evidence excludes beyond a reasonable doubt every reasonable hypothesis of innocence’ ” (People v Ford, 66 NY2d 428, 441 [1985], quoting People v Sanchez, 61 NY2d 1022, 1024 [1984]). As we believe that County Court’s failure to properly charge the jury raised “a danger legitimately associated with circumstantial evidence—that the trier of facts may leap logical gaps in the proof offered and draw unwarranted conclusions based on probabilities of low degree” (People v Ford, supra at 442), we reverse.
Cardona, P.J., Mercure, Crew III and Lahtinen, JJ., concur. Ordered that the judgment is reversed, on the law, and matter remitted to the County Court of Albany County for a new trial on the second count of the indictment.