*447 Appeals by the defendant (1) from a judgment of the Supreme Court, Queens County (Cooperman, J.), rendered October 11, 2000, convicting him of robbery in the first degree and endangering the welfare of a child under Indictment No. 2341/99, upon a jury verdict, and imposing sentence, (2) from a judgment of the same court, also rendered October 11, 2000, convicting him of robbery in the first degree under Indictment No. 2342/99, upon a jury verdict, and imposing sentence, and (3), by permission, from an order of the same court dated August 12, 2002, which denied his motion pursuant to CPL 440.10 to vacate the judgments of conviction on the ground that he received ineffective assistance of counsel.
Ordered that the judgments and the order are affirmed.
The first of the two indictments relates to a knife-point robbery that occurred in a comic book store on August 9, 1999, in the presence of a six-year-old child. The second indictment also relates to a knifepoint robbery that occurred in a delicatessen two days later, on August 11, 1999.
At the trial, the defendant was identified in court as the perpetrator of both robberies by the two different victims of these two similar crimes. A retired police officer also identified the defendant as the man whom, immediately after the August 11, 1999, robbery, he observed being chased across Metropolitan Avenue by the owner of the delicatessen.
The owner of the delicatessen testified before the grand jury and at a pretrial hearing that he recognized the defendant as the perpetrator of the August 11, 1999, robbery because he had seen the defendant inside, or in the vicinity of, the delicatessen on several occasions over the course of about two to four years preceding the date of the robbery. The last such occasion was about four months prior to the date of the delicatessen robbery. At the trial, this witness admitted that he had been told by the prosecutor that it was not possible that the defendant was the man who had visited the delicatessen on those prior occasions. The witness conceded that the man he saw on such prior occasions was “maybe the same person, maybe another person.”
During the course of the defendant’s case, the defense counsel introduced evidence establishing that the defendant had previously been convicted of assault in the second degree and was incarcerated on that conviction from June 1, 1992 until May 28, 1999 (that is, until approximately 2V2 months before the robbery on August 11, 1999). This tactic was evidently based on *448 counsel’s assessment that the prejudice that would inure to the defendant as a result of the jury’s discovery of the prior conviction was outweighed by the advantage that he would gain by demonstrating the inaccuracy of the complaining witness’ prior statements to the effect that he had seen the defendant in or near the delicatessen on several occasions, including at some point in April 1999, approximately four months prior to the robbery on August 11, 1999, and during the course of the preceding two to four years.
On appeal, the defendant argues that his trial attorney was ineffective for failing to assert the existence of this “defense,” helpful only in the case arising out of the delicatessen robbery, and obviously counterproductive in the case of the robbery of the comic book store, in opposition to the People’s motion to consolidate the prosecution of the two indictments. We do not agree that reversal is warranted based on any claimed ineffective assistance of trial counsel.
The defendant’s argument is based on the premise that the People’s motion for consolidation would necessarily have been denied had the defendant’s attorney advised the trial court of his intent to demonstrate the unreliability of the complaining witness in the delicatessen robbery by introducing evidence of the defendant’s prior incarceration, and had the defendant’s attorney also argued that this same evidence would have no relevance to, and would unduly prejudice the defense in the comic book store case. However, the question of whether to consolidate two indictments (see CPL 200.20 [2] [c]; [4]) is one committed to the sound discretion of the trial court, which must “weigh the public interest in avoiding duplicative, lengthy and expensive trials against the defendant’s interest in being protected from unfair disadvantage” (People v Lane, 56 NY2d 1, 8 [1982]; People v Gonzalez, 229 AD2d 398, 398-399 [1996]). “[I]n all cases a strong public policy favors joinder, because it expedites the judicial process, reduces court congestion, and avoids the necessity of recalling witnesses” (People v Mahboubian, 74 NY2d 174, 183 [1989]).
If, in opposing the People’s motion for consolidation, the defendant expressed an intent to introduce evidence of his own prior lengthy incarceration in order to impeach the credibility of the testimony of the victim of the delicatessen robbery, the defendant would have been attempting to assert a very risky “defense” that was capable of doing at least as much harm as good in regard to his chances of acquittal in that case. The trial court, in reviewing the People’s motion to consolidate notwithstanding opposition based on an announced intent to assert *449 such a questionable defense, would not have abused its discretion in granting the motion. The two cases were properly join-able (see CPL 200.20 [2] [c]; People v Marengo, 276 AD2d 358 [2000]; cf. People v Kirk, 290 AD2d 805 [2002]). The People’s right to such joinder would not necessarily have been defeated had the defense counsel asserted that it was his intent to employ this defense, which the trial court would likely have been justifiably skeptical of, given that this defense had an inculpatory aspect that a reasonable person might find at least as significant, if not more significant than its exculpatory one (cf. People v Rodriguez, 91 AD2d 591 [1982]).
The defendant also argues that his trial attorney had no reason to elicit, both from the owner of the delicatessen and from a police officer investigating that robbery, the circumstances surrounding a photographic identification that the witness made shortly after the robbery. We agree with the People that the defendant’s trial attorney may have decided that introduction of testimony relating to the photographic identification would permit him to dwell on the loss of the photo array by police, and to argue, as he in fact later did in summation, that a “main piece of evidence” got “lost in the shuffle.” Also, counsel’s inquiry in this area resulted in a concession from the owner of the delicatessen that he “was not 100 per cent” sure that the defendant (as depicted in the photograph) was the robber. Under these circumstances, “counsel’s decision to risk use of the photo array evidence was at most a mistaken judgment as to trial strategy and cannot be characterized as ineffective assistance of counsel” (People v Jackson, 52 NY2d 1027, 1029 [1981]).
In reviewing the defendant’s claim of ineffective assistance of counsel, the focus must be on the “fairness of the process as a whole” (People v Henry, 95 NY2d 563, 566 [2000]; People v Benevento, 91 NY2d 708, 714 [1998]). “The question is whether the attorney’s conduct constituted ‘egregious and prejudicial’ error such that defendant did not receive a fair trial” (People v Benevento, supra at 713, quoting People v Flores, 84 NY2d 184, 188-189 [1994]; see People v Chicas, 293 AD2d 687 [2002]; People v Quinones, 256 AD2d 634, 635 [1998]; People v Sullivan, 153 AD2d 223, 227 [1990]). In our view, the defendant received a fundamentally fair trial in this case, and reversal is not warranted based on ineffective assistance of counsel. Prudenti, EJ., Townes, Mastro and Rivera, JJ., concur.