THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KALILA TAYLOR, Appellant. [774 NYS2d 386]—

Appeal by the defendant from a judgment of the County Court, Suffolk County (Pitts, J.), rendered November 1, 1999, convicting her of murder in the second degree, and imposing

sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is reversed, on the law, and a new trial is ordered. The facts have been considered and determined to have been established.

We concur with the County Court that the photographic identification procedures were not unduly suggestive.

The defendant's contention that the evidence was legally insufficient to sustain her conviction is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Bynum,* 70 NY2d 858 [1987]; *People v Gomez,* 67 NY2d 843 [1986]; *People v Ross,* 180 AD2d 698 [1992]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes,* 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see* CPL 470.15 [5]).

However, contrary to the People's contention, it is well established that DNA evidence is considered circumstantial evidence (*see e.g. People v Dolan,* 2 AD3d 745, 746 [2003]; *People v Rush,* 242 AD2d 108 [1998]; *People v Giomundo,* 209 AD2d 953 [1994]). Although the evidence against the defendant was entirely circumstantial, the trial court instructed the jury, over objection, to the contrary.

Where, as here, the evidence against the defendant is entirely circumstantial, the failure to so instruct the jury and to inform the jury that it was required to apply the circumstantial evidence standard to the prosecution's entire case was error (*see People v Sanchez,* 61 NY2d 1022 [1984]). Moreover, under the circumstances of this case it cannot be said that this error was harmless (*see* CPL 300.10 [2]; *cf. People v Brian,* 84 NY2d 887, 889 [1994]).

In light of our determination, we need not reach the defendant's remaining contentions. Goldstein, J.P., H. Miller, Adams and Cozier, JJ., concur.