■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EUGENE JOHNSON, Appellant. [786 NYS2d 641]—

Mugglin, J. Appeal from a judgment of the Supreme Court (Malone, Jr., J.), rendered May 20, 2003 in Albany County, upon a verdict convicting defendant of the crimes of criminal possession of stolen property in the fourth degree and criminal possession of stolen property in the fifth degree.

On the evening of June 20, 2002, defendant was observed going through a woman's purse and removing items of property therefrom, including money and credit cards. Defendant was subsequently apprehended nearby and identified. Following a jury trial, defendant was acquitted of grand larceny in the fourth degree but convicted of criminal possession of stolen property in the fourth degree and criminal possession of stolen property in the fifth degree. Following the imposition of sentence, defendant appeals, contending that the evidence was legally insufficient, the verdict was against the weight of the evidence and that cumulative errors deprived him of a fair trial.

We affirm. Applying the familiar principles enunciated in *People v Contes* (60 NY2d 620, 621 [1983]) and *People v Bleakley* (69 NY2d 490, 495 [1987]), it is clear that the evidence is legally sufficient to sustain the convictions. Defendant freely admitted during his testimony that he possessed the purse as testified to by the prosecution witness. Although defendant claimed that he did not remove anything from it, the jury was free to credit the prosecution's evidence, which established that at the time of his arrest, defendant possessed property which had been identified by its owner as being in the purse. This evidence, viewed in the light most favorable to the prosecution, could reasonably lead one to the conclusion that defendant was guilty of the crimes of criminal possession of stolen property in the fourth and fifth degrees (*see People v McKnight*, 306 AD2d 546, 547 [2003], *lv denied* 100 NY2d 596 [2003]; *People v Denis*, 276 AD2d 237, 240 [2000], *lv denied* 96 NY2d 782 [2001]).

Next, we reject defendant's contention that his convictions are against the weight of the evidence as it is only based upon his testimony that he removed nothing from the purse but was going through it simply to determine the identity of the owner. We do not conclude that the credible evidence would reasonably support a different jury conclusion. Viewed in a neutral light, consideration of the relative probative force of the conflicting testimony leads to the inescapable conclusion that the verdicts are not against the weight of the evidence (*see People v Bleakley, supra* at 495).

Defendant's other contentions are equally unpersuasive. Although we agree that the prosecutor improperly asked defendant during cross-examination to explain the testimony of the People's witnesses (*see People v Hubert*, 237 AD2d 756, 758 [1997], *lv denied* 90 NY2d 859 [1997]), such error was harmless in view of the overwhelming proof of defendant's guilt and the charge to the jury regarding the credibility of witnesses and burden of proof (*see id.* at 758; *People v Ely*, 164 AD2d 442, 446 [1990], *lv denied* 77 NY2d 905 [1991]; *People v Montgomery*, 103 AD2d 622, 623 [1984]). Likewise, the prosecutor's description of defendant as a convicted felon during summation is improper since it is an attempt to convey to the jury defendant's guilt of other crimes not presently in issue (*see People v Ashwal*, 39 NY2d 105, 109-110 [1976]). Given defendant's objection thereto and Supreme Court's prompt curative instruction with respect to this issue, however, there is no showing that the jury was in any way prejudiced (*see People v Halm*, 81 NY2d 819, 820 [1993]).

Defendant's claim of improper rebuttal evidence lacks merit as it was properly received to disprove his stated purpose in looking into the purse and showed he had intentions other than to discover its rightful owner (*see People v Harris*, 57 NY2d 335, 345 [1982], *cert denied* 460 US 1047 [1983]). Likewise, since the People's evidence against defendant was not entirely circumstantial, a circumstantial evidence charge was not required (*see People v Richards*, 226 AD2d 559, 560 [1996], *lv denied* 88 NY2d 969 [1996]). Thus, the errors to which defendant points did not, independently or cumulatively, deprive him of a fair trial.

Peters, J.P., Rose, Lahtinen and Kane, JJ., concur. Ordered that the judgment is affirmed.