■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT GUNNEY, Appellant. [787 NYS2d 483]—

Kane, J. Appeals (1) from a judgment of the Supreme Court (Teresi, J.), rendered April 3, 2002 in Albany County, upon a verdict convicting defendant of the crime of criminal sale of a controlled substance in the third degree, and (2) by permission, from an order of said court, entered February 17, 2004 in Albany County, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment of conviction, without a hearing.

A police officer stationed himself in a vacant apartment and watched through binoculars for potential drug sales which were reportedly occurring in that neighborhood. He observed defendant, whom he knew, meet and converse with another individual, Karl Gamble. After their brief conversation, Gamble began counting out money while defendant disappeared into an alleyway for 20 to 30 seconds. While in the alleyway, defendant appeared to be looking for something in the area of some electric meter boxes. Defendant emerged from the alleyway with his hands clenched into fists and sat down beside Gamble. The officer then observed Gamble give defendant the money he had counted out, whereupon defendant placed his clenched hand behind his back and returned his open hand in front of him. Gamble then reached behind defendant and appeared to retrieve something, although the officer could not positively identify what was retrieved. Gamble stood up and placed the item in his left pants pocket, then proceeded into a nearby store.

Defendant walked in the other direction a short distance before retracing his steps and entering the same store.

The officer radioed his partner to apprehend Gamble. As Gamble exited the store, the partner and other officers stopped him and questioned him. When Gamble pulled out his pockets to show that he had nothing incriminating, the officers saw a piece of crack cocaine wrapped in plastic fall to the ground near Gamble's feet. After Gamble was arrested, the officers searched for defendant in the store, but he had exited through a back stockroom door. Later that evening, defendant was arrested. A jury convicted him of the sole count, criminal sale of a controlled substance in the third degree. Supreme Court sentenced him to 12½ to 25 years imprisonment, then denied his two CPL article 440 motions. Defendant appeals from the judgment of conviction and the order denying his second motion.

The evidence was legally sufficient. A "valid line of reasoning and permissible inferences" (*People v Bleakley*, 69 NY2d 490, 495 [1987]) could rationally lead jurors to believe that defendant's conversation with Gamble concerned a sale of drugs, defendant entered the alleyway for the purpose of obtaining drugs for that sale, defendant held the drugs in his clenched fist until he received the money from Gamble as payment for those drugs, he then put the drugs behind him for Gamble to pick up, Gamble placed the drugs in his left pocket, the police found those drugs after Gamble dropped them from his left pocket and when defendant observed the police, he fled out the back door of the store.

As a different verdict would not have been unreasonable, we must weigh the conflicting testimony and the relative strength of permissible inferences from that testimony to determine whether the verdict is supported by the weight of the evidence (*see id.* at 495). Conflicting with the above version of events which was supported by testimony from several police officers, Gamble testified that he did not know defendant, he did not converse with him or have any interaction with him that day, he did not possess drugs that day and the drugs the police found on the ground did not come from him or his pocket. On cross-examination, Gamble admitted that he pleaded guilty to drug possession as a result of his arrest related to this incident. Defendant testified that the money he possessed at the time of his arrest was from a check he cashed earlier that day, he did not know Gamble, he conversed with a friend on the stoop that day but it was not Gamble, he went into the alleyway during that conversation because he needed to urinate, he did not possess or sell any drugs that day and he frequently left the store

through the back door as a shortcut. While this conflicting testimony could support a finding of not guilty, giving deference to the jurors' credibility determinations due to their ability to observe the witnesses (*see id.* at 495), the verdict was not against the weight of the evidence.

Defendant was afforded the effective assistance of counsel. Based on defense counsel's failure to request a different circumstantial evidence charge or object to the charge given to the jury, defendant failed to preserve that issue for our review (*see People v Wallace*, 8 AD3d 753, 756 [2004], *lv denied* 3 NY3d 682 [2004]), and we decline to review it in the interest of justice. Counsel's single error in failing to request such a charge did not constitute ineffective representation as it was not so serious as to compromise defendant's right to a fair trial. Based on the trial evidence, there was not a reasonable likelihood that the error alone changed the outcome of the case (*see People v Douglas*, 296 AD2d 656, 657 [2002], *lv denied* 99 NY2d 535 [2002]; *People v Kirk*, 290 AD2d 805, 806 [2002]). Defendant's claims that counsel failed to satisfactorily meet with him prior to trial and counsel's alleged failure to disclose a plea offer are unsubstantiated in the record. The moving papers for defendant's CPL article 440 motion contain only defendant's affidavit, without any other proof that a plea offer was made, and defendant even fails to conclusively state that he would have accepted such an offer at the time.

Counsel's failure to request a pretrial suppression hearing was not ineffective assistance. The drugs could not be suppressed because defendant had no standing to challenge evidence found on Gamble. Counsel apparently did not move to suppress the money as a tactical choice, instead choosing to show that defendant had money from cashing his check and not from selling drugs. The failure to introduce the photocopy of that check into evidence was also not ineffective assistance, considering that defendant testified extensively about the check and that it was the source of the money he possessed, a fact not contested by the People. Although an attorney's conflict of interest could render legal assistance ineffective, the Public Defender—whose office also represented Gamble—only represented defendant at arraignment and the grand jury proceedings. New counsel, who had no conflict, was assigned and provided meaningful representation to defendant for pretrial motions, at the pretrial hearing, at trial and at sentencing. Overall, counsel adequately represented defendant throughout the proceedings, and no alleged deficiency of counsel prejudiced the defense (*see Strickland v Washington*, 466 US 668 [1984]; *People v Benevento*, 91 NY2d 708 [1998]).

Defendant's contention that the grand jury proceedings were defective because he was shackled during his testimony is not preserved for our review based on his failure to specify that ground in his omnibus motion for Supreme Court to inspect the grand jury minutes (*see People v Brown*, 81 NY2d 798 [1993]; *People v Kelly*, 309 AD2d 1149, 1151 [2003], *lv denied* 1 NY3d 575 [2003]).

The sentence was not harsh or excessive considering defendant's criminal history, which includes convictions for one prior felony and 15 prior misdemeanors (*see People v Moore*, 285 AD2d 827, 829 [2001], *lvs denied* 97 NY2d 685 [2001], 98 NY2d 678 [2002]). We have reviewed defendant's remaining contentions and find them unpersuasive.

Mercure, J.P., Spain, Carpinello and Lahtinen, JJ., concur. Ordered that the judgment and order are affirmed.