■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DEAN LOPEZ, Appellant. [812 NYS2d 99]—

Judgment, Supreme Court, New York County (Herbert Altman, J., at first application by counsel to be relieved; Bruce

Allen, J., at second application, jury trial and sentence), rendered December 19, 2003, convicting defendant of burglary in the second degree, and sentencing him, as a persistent violent felony offender, to a term of 16 years to life, unanimously affirmed.

Defendant did not preserve his claim that the court should have delivered a circumstantial evidence charge and we decline to review it in the interest of justice. Were we to review this claim, we would find that, although a circumstantial evidence charge would have been appropriate, its absence was harmless because the evidence "was overwhelming and there simply is no reasonable possibility, let alone significant probability that the jury would have acquitted here if the circumstantial evidence charge had been given" (*People v Brian*, 84 NY2d 887, 889 [1994]). Defendant, a stranger to the victim, left his fingerprints on an object in the victim's apartment, and there were no circumstances suggesting any possibility that defendant did so other than in the course of committing a burglary.

Accordingly, defense counsel's failure to request a circumstantial evidence charge did not deprive defendant of effective assistance, because this error could not have affected the outcome of the case or compromised defendant's right to a fair trial (*see People v Gunney*, 13 AD3d 980, 983 [2004], *lv denied* 5 NY3d 789 [2005]). Since defendant's remaining ineffective assistance of counsel claims turn on matters that are not reflected in the record, including counsel's trial preparation and strategy, they are not reviewable on direct appeal and would require a further record to be developed by way of a CPL 440.10 motion (*see People v Love*, 57 NY2d 998 [1982]). On the existing record, to the extent it permits review, we find that defendant has failed to demonstrate he did not receive effective assistance under the state and federal standards (*see People v Benevento*, 91 NY2d 708, 713-714 [1998]; *see also Strickland v Washington*, 466 US 668 [1984]). As noted, the evidence of defendant's guilt was overwhelming, and "[c]ounsel may not be expected to create a defense when it does not exist" (*People v DeFreitas*, 213 AD2d 96, 101 [1995]), *lv denied* 86 NY2d 872 [1995]).

The calendar and trial courts properly denied retained defense counsel's eve-of-trial requests to be relieved. There was no need for further inquiry because in each instance, despite ample opportunity to elaborate, counsel merely stated in conclusory fashion that there had been a breakdown in communication. At no time in the proceedings did defendant request new counsel or complain about his counsel, and there was no evidence of such a breakdown (*see People v Linares*, 2 NY3d 507 [2004];

*People v Garcia*, 250 AD2d 421 [1998], *lv denied* 92 NY2d 897 [1998]; *compare People v Sides*, 75 NY2d 822 [1990]). Concur—Tom, J.P., Andrias, Marlow, Williams and McGuire, JJ.