■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PRINCE HANCOCK, Appellant. [847 NYS2d 576]—

Judgment, Supreme Court, New York County (William A. Wetzel, J.), rendered March 13, 2006, convicting defendant, after a jury trial, of robbery in the first degree, robbery in the second degree (two counts), criminal possession of a weapon in

the second degree and criminal possession of a weapon in the third degree (two counts), and sentencing him, as a second violent felony offender, to an aggregate term of 20 years, unanimously affirmed.

The court properly declined to provide a circumstantial evidence charge, since defendant's guilt was established, in part, by direct evidence (*see People v Cedeno*, 175 AD2d 767 [1991], *lv denied* 79 NY2d 854 [1992]). Even if we were to find that the court should have delivered such an evidence charge, its absence was harmless because the evidence "was overwhelming and there simply is no reasonable possibility, let alone significant probability that the jury would have acquitted here if the circumstantial evidence charge had been given" (*People v Brian*, 84 NY2d 887, 889 [1994]).

Defendant did not preserve his argument that the court improperly admitted negative identification evidence. Although the court interrupted defendant's objection before he could articulate it, defendant subsequently did nothing to alert the court as to why he was objecting. Moreover, he conveyed the impression that his only objection to the line of questioning at issue was that the prosecutor was leading the witness. We decline to review defendant's present claim in the interest of justice. Were we to review it, we would find that the evidence was sufficiently relevant to warrant its admission, and that its probative value outweighed any possible prejudicial effect (*see People v Wilder*, 93 NY2d 352, 357-358 [1999]).

Defendant's pro se claims are without merit. Concur—Lippman, P.J., Mazzarelli, Saxe, Williams and Buckley, JJ.