THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WALTER MADDOX, Appellant. [938 NYS2d 194]—

The defendant's convictions stem from three separate incidents in which the defendant committed crimes against

three different victims. The defendant contends that the court erred in failing to give a circumstantial evidence instruction regarding the crimes committed against one of the victims. With respect to those particular crimes, the evidence against the defendant was entirely circumstantial. Nonetheless, over the defendant's objection, the court did not give the jury a circumstantial evidence instruction. Where the evidence against a defendant is entirely circumstantial, the failure to so instruct the jury and to inform the jury that it is required to apply the circumstantial evidence standard is error (*see People v Brian*, 84 NY2d 887, 889 [1994]; *People v Sanchez*, 61 NY2d 1022 [1984]; *People v Taylor*, 6 AD3d 556, 557 [2004]). This, however, is one of those "exceptional" cases (*People v Brian*, 84 NY2d at 889) where the error in omitting the circumstantial evidence instruction was harmless, as there was overwhelming evidence of the defendant's guilt, and no significant probability that the jury would have acquitted the defendant of the subject crimes if the circumstantial evidence instruction had been given (*see People v Brian*, 84 NY2d at 889; *People v Crimmins*, 36 NY2d 230, 241-242 [1975]).

The defendant's contention that the prosecutor improperly cross-examined a defense witness about his prior bad acts is unpreserved for appellate review (*see* CPL 470.05 [2]). In any event, any error in the admission of the challenged testimony was harmless, as there was overwhelming evidence of the defendant's guilt, and no significant probability that the error contributed to his convictions (*see People v Crimmins*, 36 NY2d at 241-242).

Contrary to the People's contention, the defendant preserved for appellate review his contention that the court's jury charge failed to adequately instruct the jury as to the burden of proof and presumption of innocence (*see* CPL 470.05 [2]; *People v Fermin*, 36 AD3d 933, 934 [2007]). The defendant's contention is without merit because the charge, taken as a whole, adequately instructed the jury as to the burden of proof and presumption of innocence (*see People v Bogan*, 78 AD3d 855, 855-856 [2010]; *People v Pena*, 201 AD2d 676, 677 [1994]).

The defendant's remaining contentions are unpreserved for appellate review and, in any event, are without merit. Skelos, J.P., Dickerson, Hall and Miller, JJ., concur.