THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JERMAL JONES, Appellant. [963 NYS2d 399]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Gary, J.), rendered October 28, 2010, convicting him of rape in the first degree and burglary in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the People's contention, the defendant's assertion that the Supreme Court erred in failing to give a circumstantial evidence instruction is preserved for appellate review (*see* CPL 470.05 [2]; *People v Maddox*, 92 AD3d 696 [2012]; *cf. People v Gonzalez*, 70 AD3d 855 [2010]; *People v Reyes*, 45 AD3d 785, 786 [2007]). Moreover, the evidence of the defendant's identity as the perpetrator of the rape and burglary, which included DNA evidence and his own testimony placing him near the scene of the crimes around the time they were committed, was entirely circumstantial in nature (*see People v Taylor*, 6 AD3d 556, 557 [2004]; *People v Dolan*, 2 AD3d 745, 746 [2003]; *People v Lynch*, 309 AD2d 878 [2003]), and, thus, the court should have given the circumstantial evidence instruction to the jury (*see People v Sanchez*, 61 NY2d 1022, 1023 [1984]; *cf. People v Guidice*, 83 NY2d 630, 636 [1994]; *People v Daddona*, 81 NY2d 990, 992 [1993]). However, the error in omitting the circumstantial evidence instruction was harmless, as there was overwhelming evidence of the defendant's guilt, and no significant probability that the jury would have acquitted the defendant of the subject crimes if the circumstantial evidence instruction had been given (*see People v Brian*, 84 NY2d 887, 889 [1994]; *People v Crimmins*, 36 NY2d 230, 241-242 [1975]; *People v Maddox*, 92 AD3d at 697; *People v Gorham*, 72 AD3d 1108, 1109-1110 [2010]; *People v Gonzalez*, 70 AD3d at 855).

The defendant contends that he was deprived of the effective assistance of counsel due to his attorney's failure to move for the suppression of certain DNA evidence on the basis that the DNA results were obtained in violation of Executive Law § 995-d and his constitutional right to be free from unreasonable searches and seizures. Although the absence of such a motion is apparent on the face of the record, the defendant's ineffective assistance claim depends, in part, upon matter outside the record, including the scope of the DNA consent form which he signed during the course of an unrelated criminal investigation. This evidence will bear on the issue of whether the defendant's attorney had a "strategic or other legitimate explanation[ ]" for his allegedly deficient conduct (*People v Rivera*, 71 NY2d 705, 709 [1988]; *see People v Taylor*, 98 AD3d 593, 594 [2012], *lv granted* 20 NY3d 1065 [2013]). Since the defendant's claim of ineffective assistance of counsel is based, in part, on matter appearing on the record and, in part, on matter outside the record, he has presented a " 'mixed claim[ ]' of ineffective assistance" (*People v Maxwell*, 89 AD3d 1108, 1109 [2011], quoting *People v Evans*, 16 NY3d 571, 575 n 2 [2011], *cert denied* 565

US —, 132 S Ct 325 [2011]). In this case, it is not evident from the matter appearing on the record that the defendant was deprived of the effective assistance of counsel (cf. *People v Crump*, 53 NY2d 824 [1981]; *People v Brown*, 45 NY2d 852 [1978]). Since the defendant's claim of ineffective assistance cannot be resolved without reference to matter outside the record, a CPL 440.10 proceeding is the appropriate forum for reviewing the claim in its entirety (*see People v Freeman*, 93 AD3d 805, 806 [2012]; *People v Maxwell*, 89 AD3d at 1109; *People v Rohlehr*, 87 AD3d 603, 604 [2011]).

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]). Rivera, J.P., Dickerson, Leventhal and Hall, JJ., concur.