People v Cuevas (2022 NY Slip Op 04560)

People v Cuevas

2022 NY Slip Op 04560

Decided on July 13, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 13, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
REINALDO E. RIVERA
DEBORAH A. DOWLING
HELEN VOUTSINAS, JJ.

2016-01577
 (Ind. No. 1732/14)

[*1]The People of the State of New York, respondent,
v
Leah . Cuevas, etc., appellant.

Laurette D. Mulry, Riverhead, NY (Lisa Marcoccia of counsel), for appellant.
Raymond A. Tierney, District Attorney, Riverhead, NY (Grazia DiVincenzo and Marion Tang of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Suffolk County (John J. Toomey, J.), rendered January 14, 2016, convicting her of murder in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress her statements to law enforcement officials.
ORDERED that the judgment is affirmed.
The County Court properly denied suppression of the defendant's postarrest statements to law enforcement officials. The defendant's statements, which she made prior to being read her Miranda warnings (see Miranda v Arizona, 384 US 436), were voluntary, spontaneous, and not the result of any police conduct or questioning that reasonably could have been expected to elicit an inculpatory response from her (see Rhode Island v Innis, 446 US 291, 300-301; People v Martinez, 186 AD3d 1530, 1531; People v Barnes, 171 AD3d 1082, 1082; People v Harrison, 251 AD2d 681, 681; People v Hylton, 198 AD2d 301, 301).
The defendant's contention that the evidence was legally insufficient to support her conviction of murder in the second degree is only partially preserved for appellate review (see CPL 470.05[2]). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342, 348), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence.
The defendant's contention that the indictment was defective is unpreserved for appellate review (see CPL 210.20[1]; 210.25, 255.20, 470.05[2]), and in any event, without merit (see CPL 200.70[1]; People v Morris, 61 NY2d 290, 293-295; People v Vazquez, 82 AD3d 1273, 1274). To the extent that the defendant challenges the sufficiency of the evidence before the grand jury, this contention is foreclosed by her "conviction upon a jury verdict based upon legally sufficient evidence" (People v Brims, 145 AD3d 1025, 1027; see CPL 210.30[6]).
The defendant's contention that she was deprived of her right to a fair trial by certain comments made by the prosecutor and by the decedent's husband, who was a witness for the prosecution, is, for the most part, unpreserved for appellate review (see CPL 470.05[2]; People v Mohabir, 192 AD3d 1047; People v Sedeno, 188 AD3d 1269, 1270; People v Williams, 132 AD3d 785, 785). In any event, the defendant's contention is without merit. To the extent that any of the prosecutor's challenged comments were improper, "they were not so flagrant or pervasive so as to deprive the defendant of a fair trial" (People v Warden, 166 AD3d 817, 819). As to the statements by the decedent's husband, the County Court instructed the jury "to disregard it as if it was never said," and "the jury is presumed to have followed" this instruction (People v Turner, 203 AD3d 1083, 1084; see People v Heath, 70 AD3d 857, 857).
The defendant's contention that the evidence of her guilt was wholly circumstantial and that the County Court erred in failing to give a circumstantial evidence charge is unpreserved for appellate review, as the defendant did not request a circumstantial evidence charge or object to the charge as given (see CPL 470.05[2]; People v Richards, 186 AD3d 1720, 1723; People v Smith, 127 AD3d 790, 790). In any event, any error in omitting the circumstantial evidence instruction was harmless, as there was overwhelming evidence of the defendant's guilt and no significant probability that the error contributed to the defendant's conviction (see People v Brian, 84 NY2d 887, 889; People v Crimmins, 36 NY2d 230, 242; People v Smith, 127 AD3d at 790; People v Jones, 105 AD3d 1059, 1060; People v Maddox, 92 AD3d 696, 697). Moreover, the defendant has not shown that trial counsel rendered ineffective assistance of counsel for failing to request this charge (see People v Henry, 95 NY2d 563, 565; People v Baldi, 54 NY2d 137, 147; People v Hilton, 185 AD3d 1147, 1151; People v Gonzalez, 70 AD3d 855, 855; People v Lopez, 28 AD3d 234, 235; People v Gunney, 13 AD3d 980, 983).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
CONNOLLY, J.P., RIVERA, DOWLING and VOUTSINAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court