■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEVIN L. MAIN, Appellant.—Levine, J.

Defendant was indicted on charges of reckless endangerment in the first degree and criminal possession of a weapon in the second degree as the result of an incident in which he allegedly fired several shots from his handgun into an apartment building on Hawley Street in the City of Binghamton, Broome County. The matter proceeded to trial, where defendant was convicted as charged. This appeal followed.

Defendant's sole contention on this appeal is that the circumstantial evidence presented at trial was insufficient to prove his guilt beyond a reasonable doubt. We disagree. The facts, as established by the People's witnesses, were that at approximately 3:00 A.M. on January 1, 1989, a male in an older, tan-colored, four-door vehicle approached two women who were prostituting on Hawley and Carroll Streets in Binghamton. At that time, the first prostitute agreed to perform services for the man and both women drove with him to the apartment of Daniel Mikulski, where the second prostitute was dropped off. Shortly thereafter, the man demanded that the first prostitute go with him to his house or a hotel. She agreed to do so, but only as a guise to get away. She then requested that they stop at Mikulski's apartment so that she could inform her companion where she would be. When let out at Mikulski's apartment, the first prostitute went inside but did not return to the vehicle. Deanna Harvey testified that she saw the car pull away from Mikulski's apartment after the first prostitute failed to reappear outside.

Valerie Main, defendant's wife, testified that at approximately 4:20 A.M. on the same day, defendant came to the trailer where she resided, stormed into the kitchen and pulled from a shelf a white grocery bag which she knew to contain his handgun. Main stated that defendant was driving his 1972 cream-colored Chrysler New Yorker automobile and described him as looking "crazed" and like a "madman". She also testified that it took approximately 30 minutes to drive back to Binghamton from her trailer.

At approximately 5:00 A.M., the two prostitutes were back on Hawley Street where they observed the same car they had seen earlier that morning coming toward them. They testified that they immediately ran to the nearby apartment of a friend and then heard several gunshots. They subsequently returned to Mikulski's apartment where they saw bullet holes and shell casings in and around the apartment. Mikulski's neighbor, Christine Benjamin, testified to seeing a large, light-colored, four-door vehicle outside of the apartment immediately after the shots were fired. The incident was promptly reported to and investigated by the police.

That evening, the prostitutes were again standing near the intersection of Hawley and Carroll Streets when they saw the same car with the same driver, who yelled to them, "You owe me some money" and "I'm not someone to play with." One of the women noted the vehicle's license plate number and reported it to the police. A Department of Motor Vehicles

employee testified that a check of the plate number revealed that the vehicle was a four-door, light yellow, 1972 Chrysler New Yorker registered to defendant.

The foregoing evidence, viewed in the light most favorable to the People, was clearly sufficient to permit the jury to draw a reasonable inference of defendant's guilt (see, People v Way, 59 NY2d 361, 365; People v Benzinger, 36 NY2d 29, 32). Although neither of the prostitutes could be positive in her identification of defendant at trial, both were certain that the vehicle and driver they observed on the evening of January 1, 1989, when one of them was able to determine the license plate number, were the same vehicle and driver they had seen early that morning. Thus, despite defendant's assertion to the contrary, the equivocal nature of the in-court identification testimony was not fatal to the People's case. Indeed, the proof presented established a well-connected chain of facts and circumstances leading reasonably to a conclusion of guilt and excluding to a moral certainty any reasonable hypothesis of innocence (see, People v Way, supra; People v Benzinger, supra). Accordingly, the judgment of conviction should be affirmed.

Mercure, Crew III, Mahoney and Casey, JJ., concur. Ordered that the judgment is affirmed.