■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v IRA C. HOKE, Appellant. [714 NYS2d 602] —Mugglin, J. Appeals (1) from a judgment of the County Court of Albany County (Breslin, J.), rendered June 18, 1997, upon a verdict convicting defendant of the crime of murder in the second degree, and (2) by permission, from an order of said court, entered October 27, 1999, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment of conviction without a hearing.

Following a jury trial, defendant was convicted of murder in the second degree and sentenced to a term of imprisonment of 25 years to life. Defendant then sought to vacate the judgment of conviction pursuant to CPL 440.10 contending that due to his impaired hearing, he failed to hear most of what transpired during the trial and, therefore, was unable to fully participate in his defense. County Court denied this motion without a hearing and a Justice of this Court granted defendant permission to appeal from that order.

On this appeal, defendant makes three arguments. He first argues that the verdict was against the weight of the evidence since he established the affirmative defense of extreme emotional disturbance. Second, he argues that the prosecutor's closing argument was so prejudicial and inflammatory as to require reversal and third, he asserts that his CPL 440.10 motion should not have been denied without a hearing.

The affirmative defense of extreme emotional disturbance allows a defendant charged with murder in the second degree to demonstrate the existence of mitigating factors which indicate that, although he is not free from responsibility for his crime, he ought to be punished less severely by reducing the crime to manslaughter in the first degree (*see*, Penal Law § 125.25; *People v Casassa*, 49 NY2d 668, 675, *cert denied* 449 US 842). To warrant jury consideration of this defense, the defendant is obligated to prove by a preponderance of the evidence that the conduct was influenced by an extreme emotional disturbance at the time of the alleged crime and that there was a reasonable explanation or excuse for the emotional disturbance (*see*, *People v White*, 79 NY2d 900, 903). In an effort to establish this defense, defendant, his wife and son testified to a history of family, marital, financial and health problems which defendant had endured. In addition, defendant presented the testimony of an expert psychiatrist who opined that these stresses would lead to an extreme emotional disturbance, making defendant vulnerable to acting irrationally and that such irrationality was triggered when the victim struck him.

The victim was a former roommate of one of defendant's

sons. Their cotenancy ceased when the victim assaulted defendant's son with a baseball bat, breaking his jaw. As part of the victim's sentence for this crime, he was ordered to make restitution for unreimbursed medical expenses. On April 28, 1996, defendant saw the victim on a street in the City of Albany and allegedly wished to discuss this restitution with him. Defendant then drove away, but shortly thereafter, doubled back and saw the victim using a pay telephone. It is undisputed that defendant approached the victim and, after hitting him several times, fired all nine bullets from the clip in his pistol, several of which hit the victim causing his death. Thereafter, witnesses testified defendant returned to his vehicle where he dialed 911 and calmly awaited the arrival of the police.

Contrary to defendant's argument, the record reflects that many of the stresses in defendant's life had largely subsided by the time of the shooting and defendant, himself, testified he was feeling pretty good about life in the days preceding the shooting. In addition to the eyewitnesses characterizing defendant as calm and composed after the shooting, the responding police officer also so testified. Further, "[a]lthough the People did not controvert the testimony of the defense psychiatrist, the jury was free to refuse to credit that testimony and to conclude, from the other evidence in the case, that the defendant had not established that his intent was formulated under the influence of an extreme mental trauma" (*People v Patterson*, 39 NY2d 288, 304). Here, the jury also heard testimony that defendant had on several previous occasions over the course of many years lost his explosive temper and physically abused his wife, threatened others and pointed a loaded weapon at himself and his son. Moreover, the event that the defense expert relied upon as the triggering event, the victim striking defendant, was not observed by any witness nor testified to by defendant. As such, weighing the relative probative force of conflicting testimony and the relative strength of conflicting inferences which may be drawn from the testimony (*see, People v Bleakley*, 69 NY2d 490, 495; *People v White*, 261 AD2d 653, 655, *lv denied* 93 NY2d 1029), it cannot be concluded that the jury's verdict rejecting defendant's affirmative defense is against the weight of the evidence.

Next, we turn to defendant's second argument. It appears that defendant takes issue with the prosecutor's remarks that (1) the psychiatrist's testimony was bought, (2) defendant did not call his treating psychiatrist, (3) the jury should send a message to defendant, (4) eventually defendant would aim a gun at someone due to the nature of guns and the number that

he owned, and (5) the prosecutor misstated the law of extreme emotional disturbance when he asked the jury if defendant deserved leniency.

First, we hold that the prosecutor's comment that defendant did not call his treating physician was fair comment to defense counsel's summation in which he stated that the prosecution did not call an expert. Further, we find that defendant has taken the prosecutor's comment regarding leniency out of context and that the prosecutor did not misstate the law. Next, although the prosecutor's comments that defendant's expert's testimony was bought and eventually defendant would point a gun at someone would have been better left unsaid, defendant has failed to show that these remarks, "particularly when viewed in the context of the entire summation, had ' "a decided tendency to prejudice the jury" ' " (*People v Townsley*, 240 AD2d 955, 959, *lv denied* 90 NY2d 943, quoting *People v Halm*, 81 NY2d 819, 821, quoting *People v Ashwal*, 39 NY2d 105, 110). Lastly, since defendant did not object to the prosecutor's remarks that the jury should send a message to defendant, such issue is not preserved for review (*see, People v Spencer*, 272 AD2d 682, 684-685, *lv denied* 95 NY2d 858). Accordingly, the prosecutor's comments do not warrant a new trial.

Finally, County Court did not commit error by denying defendant's CPL 440.10 motion without conducting an evidentiary hearing. It is well settled that a hearing is not required pursuant to CPL 440.10, unless the defendant establishes nonrecord material facts which create an issue as to the validity of the judgment (*see, People v Swackhammer*, 260 AD2d 939, 941, *lv denied* 93 NY2d 1028; *People v English*, 246 AD2d 925, *lv denied* 91 NY2d 972; *People v McGourty*, 188 AD2d 679, 681, *lv denied* 81 NY2d 843). Here, defendant's sole contention is that as a result of his impaired hearing, he was unable to fully participate in his defense since he did not hear much of what transpired during the trial. We note that at the outset of the trial, the court was made aware of defendant's hearing deficiencies. Thus, defendant's hearing deficiencies are not a nonrecord material fact which would require an evidentiary hearing before resolution of the motion. Further, the record fails to substantiate defendant's claim that he was unable to fully participate in his defense. Defendant made no special requests of the court at any time during the trial as a result of his inability to hear and understand the testimony. At no time during the trial did the defendant indicate to the court that as a result of hearing deficiencies, he was unable to participate. Indeed, our examination of defendant's testimony at trial sug-

gests that defendant did, in fact, fully participate in the defense and was generally capable of hearing all of the testimony presented.

Cardona, P. J., Carpinello, Graffeo and Lahtinen, JJ., concur. Ordered that the judgment and order are affirmed.