■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RALPH M. STOCKHOLM, Appellant. [719 NYS2d 330] —Carpinello, J. Appeals (1) from a judgment of the County Court of Columbia County (Leaman, J.), rendered April 23, 1999, upon a verdict convicting defendant of the crimes of reckless endanger-

ment in the second degree, criminal solicitation in the fourth degree, criminal mischief in the third degree and resisting arrest, and (2) by permission, from an order of said court, entered September 12, 2000, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment of conviction, without a hearing.

On the evening of August 27, 1998, three police agencies were conducting a joint undercover narcotics operation in the City of Hudson, Columbia County. On this evening, defendant and two companions drove to Hudson to purchase crack cocaine. To this end, the threesome approached two undercover police officers at the corner of Columbia and 5th Streets, at which time one of defendant's companions asked for a specific quantity of drugs. Defendant then made repeated statements to the effect "come on, do you have it, let's do it, let's do it right here," whereupon the undercover officers directed him to drive into a nearby alley to complete the transaction. The solicitation was radioed to a supervising officer who, in turn, advised two arrest teams to block the alley with their unmarked vehicles and effectuate arrests.

As defendant drove into the alley, these arrest teams converged with lights flashing. Two members of one team exited their unmarked vehicle, identified themselves as police officers and demanded that defendant put his car in park and show his hands. Defendant did not comply; instead, he immediately put his vehicle into reverse and sped backwards, almost striking these particular officers. Meanwhile, a second team observed the back-up lights of defendant's vehicle illuminating and reversed their unmarked vehicle out of the alley. They then positioned their vehicle to block defendant's escape. Defendant, after successfully backing out of the alley, put his vehicle into drive and "rammed" the second team's vehicle. Defendant and his companions were then apprehended.

As a result of this incident, defendant was indicted on reckless endangerment in the first degree, criminal solicitation in the fourth degree, criminal mischief in the third degree and resisting arrest. Following a jury trial, he was found guilty as charged with one exception, namely, he was acquitted of reckless endangerment in the first degree but found guilty of the lesser included offense of reckless endangerment in the second degree. Defendant now appeals from the judgment of conviction and, by permission, an order denying his *pro se* CPL 440.10 motion to set aside the judgment.

We reject defendant's claim that count one of the indictment was fatally defective because it was "duplicitous." Defendant

claims that because this count did not specify the identity of the person or persons whom he allegedly endangered, he could be exposed to future prosecution. He relatedly claims that the indictment should have contained multiple counts charging this crime, each count relating to a potential victim. We disagree.

In order to establish the crime of reckless endangerment in the first degree, it must be demonstrated that a defendant, "under circumstances evincing a depraved indifference to human life * * * engages in conduct which creates a grave risk of death to another person" (Penal Law § 120.25). To be sure, this crime can be committed whether the conduct is directed at one person or a group of persons, but in either event, only one crime is committed because it is the actor's *conduct* and not the number of persons affected (i.e., the particular outcome) that sustains the prosecution (*see, People v Davis*, 72 NY2d 32, 36; *People v Tunstall*, 197 AD2d 791, *lv denied* 83 NY2d 811). As count one correctly charged defendant with but one offense and also adequately apprised him of the nature of that offense by setting forth the exact time, place and *conduct* of which he was accused (*see,* CPL 200.50), County Court did not err in denying defendant's motion to dismiss.*

Finally, upon our review of the record in this matter, we are satisfied that the verdict is both legally sufficient and not against the weight of the evidence (*see, People v Bleakley*, 69 NY2d 490, 495). Defendant's remaining arguments, including his claim that County Court improperly denied his CPL 440.10 motion without a hearing (*see, People v Hoke*, 276 AD2d 903, 905), have been reviewed and rejected as without merit.

Crew III, J. P., Peters, Spain and Lahtinen, JJ., concur. Ordered that the judgment and order are affirmed.

---

* Notably, defense counsel never requested a bill of particulars to clarify this count. Moreover, County Court ultimately limited the persons alleged to have been endangered by defendant's conduct to the two officers who exited their vehicle in the alley and the jury was so instructed.