Third Department, November, 2005

(November 3, 2005)

■ The People of the State of New York, Respondent, v Kalief Stanley, Appellant. [803 NYS2d 274]—

Mercure, J. Appeal from a judgment of the Supreme Court (Teresi, J.), rendered May 2, 2001 in Albany County, upon a verdict convicting defendant of the crimes of attempted murder in the second degree and assault in the first degree (four counts).

Defendant was charged in an indictment with one count of attempted murder in the second degree and six counts of assault in the first degree, following an incident in the City of Albany during which defendant fired a shotgun into a crowd of people, injuring two bystanders. At the conclusion of his jury trial, defendant was convicted of attempted murder in the second degree and four counts of assault in the first degree. Supreme Court denied defendant's motion to set aside the verdict and sentenced him, as a predicate felon, to an aggregate prison term of 25 years. Defendant appeals and we now affirm.

Initially, we reject defendant's contention that count one of the indictment is jurisdictionally defective because it does not name the alleged victim of defendant's murder attempt. "[T]here is no per se rule that requires an indictment to name the victim for each count alleged[. Instead,] the indictment and bill of particulars must provide sufficient alternative information identifying the charged crime to satisfy statutory and constitutional requirements" (*People v Sanchez*, 84 NY2d 440, 446 [1994]). Here, although the indictment did not name the intended victim, it set forth the exact time and place of the crime, as well as the conduct of which defendant was accused. We note that the identity of the intended target is not an element of the crime of attempted murder in the second degree; rather, the People must demonstrate that the defendant "acted with a murderous intent" and need not link that intent to a specific victim (*People v Fernandez*, 88 NY2d 777, 780-783 [1996]; *see* Penal Law §§ 110.00, 125.25 [1]; *People v Perry*, 266 AD2d 151, 152 [1999], *lv denied* 95 NY2d 856 [2000]). Moreover, defendant's request for a bill of particulars did not seek

the name of the victim alleged in count one but demanded to know only whether "the People intend[ed] to prove at trial that the defendant was the individual who fired the shotgun." Inasmuch as the indictment was sufficient to apprise defendant of the conduct forming the basis of the accusation, ensure that the crime for which he was tried was identical to the one for which he was indicted by the grand jury and to bar a subsequent prosecution for the same offense, dismissal of the indictment is not warranted here (see CPL 200.50 [7] [a]; People v Stockholm, 279 AD2d 704, 706 [2001], lv denied 96 NY2d 807 [2001]; People v Laporte, 184 AD2d 803, 804 [1992], lv denied 80 NY2d 905 [1992]; cf. People v Sanchez, supra at 445-447).

Defendant next argues that there was not legally sufficient evidence to sustain the jury's verdict. Viewing the evidence in the light most favorable to the People (see People v Contes, 60 NY2d 620, 621 [1983]), however, there is a "valid line of reasoning and permissible inferences which could lead a rational person to the conclusion reached by the jury on the basis of the evidence at trial" (People v Bleakley, 69 NY2d 490, 495 [1987]). Testimony from two individuals who were members of the same gang as defendant established that defendant wanted to harm Willie Jackson, a member of a rival gang, in retaliation for a shooting at which defendant's wife and infant son were present. Codefendant Reggie Adams* testified that at defendant's request, he located Jackson at a bar and described Jackson's clothing to defendant. Adams stated that he then saw defendant run toward the bar with a shotgun and heard shooting. Fellow gangmember Donald Lewis testified that defendant told him after the shooting that he thought his intended victim was dead. In addition, we note that two victims of the shooting, Moshe Grier and Nailon Blair, testified regarding their injuries; Grier lost his left eye and Blair lost mobility in his left arm, now walks with a limp, and requires physical therapy several times a week as a result of the shooting. Contrary to defendant's argument that he was misidentified as the shooter, the testimony adduced at trial provided sufficient evidence to sustain the verdict (see Penal Law §§ 110.00, 120.10 [1], [3]; § 125.25 [1]; see also People v Rivers, 17 AD3d 934, 935-936 [2005], lv denied 5 NY3d 768 [2005]; People v Perkins, 5 AD3d 801, 803-804 [2004], lv denied 3 NY3d 741 [2004]; People v Lewis, 277 AD2d 603, 606-607 [2000], lv denied 95 NY2d 966 [2000]; cf. People v Horton, 9 AD3d 503, 504-505 [2004], lv denied 3 NY3d 707

---

* Adams ultimately received a prison sentence of 3½ years for his involvement in this case and a separate drug case in exchange for his cooperation with the prosecution in this trial.

[2004]). Furthermore, upon our review of the record, we cannot say that the verdict was against the weight of the evidence (*see People v Bleakley, supra* at 495).

Finally, we conclude that Supreme Court properly determined that no agreement for leniency in exchange for testimony existed between Lewis and the prosecutor. While a "prosecutor is obligated to correct misstatements of a witness regarding the consideration given for the witness's testimony" (*People v Schwartz*, 240 AD2d 600, 600 [1997]; *see People v Novoa*, 70 NY2d 490, 496-497 [1987]), the prosecutor's inquiry at the District Attorney's office revealed that Lewis's file contained no memoranda or notations evincing any deal or promise made to him in exchange for his testimony. Indeed, although the record reveals that the public defender initially discussed the possibility of a deal and that the charge in Lewis's pending drug case was to be reduced, that reduction was based upon a lack of evidence in Lewis's case, rather than an agreement for leniency in exchange for testimony. Accordingly, defendant's argument that the People failed to reveal a promise of leniency to Lewis is unpersuasive.

We have considered defendant's remaining arguments and conclude that they are lacking in merit.

Cardona, P.J., Spain, Carpinello and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.