■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GREGORY L. ERICKSON, Appellant. [844 NYS2d 512]—

Lahtinen, J. Appeal from a judgment of the County Court of Cortland County (Campbell, J.), rendered May 27, 2004, convicting defendant following a nonjury trial of the crimes of criminal possession of a weapon in the third degree (two counts), reckless endangerment in the first degree (two counts) and menacing in the second degree (two counts), and the violation of harassment in the second degree (two counts).

Defendant lived in the same apartment complex as Matthew McNeil and Linda McNeil, and he reportedly made an unprovoked threat toward Linda McNeil that she "better find a new place to live or you're f...ing dead." Later that evening Matthew McNeil stated sarcastically "who's dead now" to defendant while walking past the open door to his apartment with Linda McNeil. Defendant responded by moving into the hallway with a rifle, which he allegedly aimed at close range at Linda McNeil's head and said, "You're dead." Matthew McNeil stepped between defendant and his wife while pushing the barrel of the rifle away. Defendant then pointed the rifle at Matthew McNeil's chest before finally returning to his apartment.

Police were summoned, and they discovered that defendant possessed a semi-automatic rifle. Defendant acknowledged that he had possessed the weapon during the confrontation with the McNeils and that it had been loaded at that time. Although defendant also made a series of bizarre statements regarding his connections to, among others, former President Clinton and the

CIA, he was nevertheless found competent to stand trial. Following a nonjury trial, he was convicted of two counts of each of the crimes of criminal possession of a weapon in the third degree, reckless endangerment in the first degree and menacing in the first degree, as well as two counts of the violation of harassment in the second degree. He was sentenced to an aggregate prison term of $2^1/_3$ to 7 years and now appeals.

Defendant's argument that the verdict was not supported by legally sufficient evidence was not preserved by the general motion to dismiss made at trial (*see People v Finger*, 95 NY2d 894, 895 [2000]; *People v Carter*, 40 AD3d 1310, 1311 [2007], *lv denied* 9 NY3d 873 [2007]). In any event, viewing the evidence in the light most favorable to the prosecution, the testimony of the two victims together with the other trial evidence was adequate for a rational factfinder to conclude that defendant committed the crimes of which he was convicted (*see People v Gibbs*, 34 AD3d 1120, 1121 [2006]). The thrust of defendant's argument is addressed to the weight of the evidence, where we view the evidence in a neutral light and weigh the relative probative force of conflicting testimony as well as the strength of conflicting inferences (*see People v Bleakley*, 69 NY2d 490, 495 [1987]). While there were some minor inconsistencies in the victims' testimony, those inconsistencies did not undermine that testimony in any meaningful respect (*see People v Gilliam*, 36 AD3d 1151, 1152 [2007], *lv denied* 8 NY3d 946 [2007]). According deference to the determinations of the factfinder, who had the opportunity to view the witnesses as they testified (*see People v Haight*, 19 AD3d 714, 716 [2005], *lv denied* 5 NY3d 806 [2005]), we discern no reason in this record to disregard those determinations, and we therefore conclude that the verdict is supported by the weight of the evidence.

Under the circumstances of this case, we are unpersuaded that the sentence imposed was an abuse of discretion or should otherwise be modified in the interest of justice (*see People v Seavey*, 9 AD3d 742, 743 [2004], *lv denied* 4 NY3d 748 [2004]).

Crew III, J.P., Mugglin, Rose and Kane, JJ., concur. Ordered that the judgment is affirmed.