■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEITH PAYNE, Appellant. [897 NYS2d 292]—

Malone Jr., J. Appeal from a judgment of the County Court of Schenectady County (Drago, J.), rendered December 19, 2008, upon a verdict convicting defendant of the crimes of attempted murder in the second degree, attempted assault in the first degree, criminal possession of a weapon in the second degree (six counts), criminal possession of a weapon in the third degree (three counts), reckless endangerment in the first degree (five counts), tampering with physical evidence (five counts) and obstruction of governmental administration in the second degree.

As a result of an incident that occurred in an apartment complex located in the City of Schenectady, Schenectady County in which defendant and others exchanged gunfire with another individual, and then engaged in a three-hour standoff with the police, defendant and three codefendants were charged in a 26-count indictment with various crimes. Following a jury trial, defendant was convicted of attempted murder in the second degree, attempted assault in the first degree, criminal possession of a weapon in the second degree (six counts), criminal possession of a weapon in the third degree (three counts), reckless endangerment in the first degree (five counts), tampering with physical evidence (five counts) and obstruction of governmental administration in the second degree. As a result of these convictions, defendant is currently serving an aggregate prison term of 38½ to 50 years. Defendant appeals.

Defendant initially contends that the evidence is legally insufficient to sustain the convictions on the five counts of reckless endangerment in the first degree (counts 12 through 16). A conviction of reckless endangerment in the first degree requires a showing that the defendant, "under circumstances evincing a depraved indifference to human life, . . . recklessly engage[d] in conduct which create[d] a grave risk of death to another person" (Penal Law § 120.25). According to defendant, because there was no evidence that he fired a gun in close proximity to or in the direction of any of the five victims, the victims were not in grave risk of death as a result of his actions. Contrary to defendant's contention, the statute does not require that "a defendant be in close proximity to a victim" (*People v Jerome*, 138 AD2d 871, 872 [1988]; *see People v Schoonmaker*, 103 AD2d 936, 937 [1984]) but, rather, in "determining whether the crime was committed . . . 'an objective assessment of the degree of risk presented by defendant's reckless conduct' " must be made (*People v Davis*, 72 NY2d 32, 36 [1988], quoting *People v Register*, 60 NY2d 270, 277 [1983], *cert denied* 466 US 953 [1984]).

Here, the evidence presented at trial established that defend-

ant and his friends exchanged gunfire with another individual who was located across the street from their position on Frank Street. Three of the victims (counts 12, 13 and 14) were in an apartment located directly behind the single shooter. Another victim (count 15) was located in an apartment located behind defendant and his friends. Viewing the evidence in the light most favorable to the People, although these four victims were inside the apartments at the time, because their apartments were in or near the line of gunfire during the shootout, the evidence was legally sufficient to permit the jury to draw a reasonable inference of defendant's guilt with respect to those victims (*see People v Coleman*, 296 AD2d 766, 766-767 [2002], *lv denied* 99 NY2d 534 [2002]; *People v Main*, 179 AD2d 953, 953-954 [1992], *lvs denied* 80 NY2d 834 [1992], 81 NY2d 843 [1993]; *compare People v Scott*, 70 AD3d 978, 979 [2010]). Moreover, viewing the evidence in a neutral light, we are not convinced that these four convictions are against the weight of the evidence.

However, the same cannot be said of the fifth alleged victim (count 16) who, by his own testimony, was located inside an apartment approximately 125 feet down the street from defendant's location. This individual heard the gunfire and, upon emerging from the apartment, witnessed defendant and his friends on the street, all standing with their backs to him. Given this alleged victim's observation of defendant's location, and there being no evidence that this person was in or near the line of gunfire, including the fact that no bullets or bullet holes were found in the direction of his location, we agree with defendant that there is legally insufficient evidence to support a reckless endangerment conviction with respect to this particular individual. Accordingly, the conviction on count 16 of the indictment should be reversed.

With respect to the remaining challenged convictions, viewing the evidence in the light most favorable to the People, there was legally sufficient evidence for a jury to infer that defendant possessed a loaded weapon with the intent to use the same against another (counts 1, 2 and 3) (*see* Penal Law § 265.03 [1] [b]; *see also* Penal Law § 20.00), possessed a loaded weapon outside his home or place of business (counts 4, 5 and 6) (*see* Penal Law § 265.03 [3]; *see also* Penal Law § 20.00), tampered with physical evidence by means of concealment (counts 7, 8, 9, 10 and 11) (*see* Penal Law § 215.40 [2]; *see also* Penal Law § 20.00), attempted to cause the death of another person (count 23) (*see* Penal Law §§ 110.00, 125.25 [1]), and attempted to cause serious physical injury to another person by means of a deadly

weapon (count 24) (*see* Penal Law §§ 110.00, 120.10 [1]). Moreover, assuming that a different verdict would not have been unreasonable and viewing the evidence in a neutral light, we are not convinced that these convictions are against the weight of the evidence (*see People v Bleakley*, 69 NY2d 490, 495 [1987]).

Defendant's remaining contentions, including his claim that the sentence imposed is harsh and excessive, have been considered and found to be unpersuasive.

Mercure, J.P., Spain, Stein and Garry, JJ., concur. Ordered that the judgment is modified, on the law, by reversing so much thereof as convicted defendant of reckless endangerment in the first degree under count 16 of the indictment; said count dismissed and sentence imposed thereon vacated; and, as so modified, affirmed.