THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL J. GARROW, Appellant. [904 NYS2d 589]—

Kavanagh, J. Appeal from a judgment of the County Court of Franklin County (Main Jr., J.), rendered October 5, 2009, upon a verdict convicting defendant of the crime of reckless endangerment in the first degree (two counts).

Defendant was charged with two counts of reckless endangerment in the first degree based on an April 2008 incident in which he rammed his pickup truck into his estranged wife's automobile as the two vehicles were traveling at a high rate of speed across a two-lane bridge in the Town of Chateaugay, Franklin County. Earlier that day, defendant had argued with his wife and followed her and a friend after they left defendant's house in her vehicle. A high-speed chase ensued and, when the vehicles reached the two-lane bridge, defendant drove his truck into the lane for oncoming traffic and, while traveling at speeds that approached 50 miles per hour, sideswiped his wife's vehicle before passing it. The bridge in question rises more than 100 feet above the river below, is protected on both sides by guiderails, and the contact between the two vehicles caused the wife to briefly lose control of her automobile, forcing it close to the guiderail. After the wife regained control of her vehicle, she drove to a nearby police station and reported the incident. Following a jury trial, defendant was convicted as charged and ultimately was sentenced to, among other things, concurrent prison terms of $1^{1}/_{2}$ to $4^{1}/_{2}$ years. Defendant now appeals and we affirm.

Initially, defendant's challenge to the legal sufficiency of the evidence is unpreserved for appellate review because, in his motion to dismiss, he never specifically identified any deficiencies that he claimed existed in the proof presented by the prosecution (*see People v Hawkins*, 11 NY3d 484, 492 [2008]; *People v Nesbitt*, 69 AD3d 1109, 1110-1111 [2010], *lv denied* 14 NY3d 843 [2010]). Further, he did not renew his application after both sides had completed their presentation of proof at trial (*see People v Lane*, 7 NY3d 888, 889 [2006]; *People v Vargas*, 72 AD3d 1114, 1116 [2010]).

Moreover, in our view, the verdict was supported by the weight

of the credible evidence presented at trial (*see People v Bleakley*, 69 NY2d 490, 495 [1987]; *People v Shutter*, 72 AD3d 1211, 1213 [2010], *lv denied* 14 NY3d 892 [2010]; *People v Arce*, 70 AD3d 1196, 1198-1199 [2010]), which established that "under circumstances evincing a depraved indifference to human life, [defendant] recklessly engage[d] in conduct which create[d] a grave risk of death to" his wife and her passenger (Penal Law § 120.25). By driving his truck within three feet of his wife's automobile as both vehicles were traveling at a high rate of speed, and then deliberately sideswiping her vehicle as it was crossing a bridge that spanned a steep river valley, defendant necessarily placed the wife and her passenger in mortal danger and exposed them to a grave risk of death. Simply stated, the gravity of the risk attendant to such conduct is, in our view, self-evident and provides ample support for the jury's guilty verdict (*see People v Payne*, 71 AD3d 1289, 1290-1291 [2010]).

As for defendant's challenges to the facial validity of the indictment, they are not preserved (*see People v Halpin*, 261 AD2d 647, 647 [1999], *lv denied* 93 NY2d 971 [1999]) and, in any event, have no merit. Additionally, defendant claims that the charge given the grand jury, especially as it relates to the elements of the crime charged in the indictment, was inadequate. However, it is well settled that such instructions are sufficient so long as they provide "enough information to enable [the grand jury] intelligently to decide whether a crime has been committed and to determine whether there exists legally sufficient evidence to establish the material elements of the crime" (*People v Calbud, Inc.*, 49 NY2d 389, 394-395 [1980]; *see People v Thatcher*, 9 AD3d 682, 684-685 [2004]). Here, in addition to giving the statutory definition of reckless endangerment in the first degree (*see People v Calbud, Inc.*, 49 NY2d at 395 n 1), the District Attorney charged the grand jury as to the state of mind that had to exist for one to have acted with depraved indifference and the special meaning that term has under this state's law (*see People v Levens*, 252 AD2d 665, 666-667 [1998], *lv denied* 92 NY2d 927 [1998]; *compare People v Huntington*, 57 AD3d 1238, 1239-1240 [2008]). Finally, our finding that the evidence presented at trial that resulted in defendant's conviction was not against the weight of the evidence—and, thus, necessarily legally sufficient (*see People v Danielson*, 9 NY3d 342, 348-349 [2007])—precludes any attack on the sufficiency of the evidence presented to the grand jury that resulted in his indictment (*see People v Witherspoon*, 66 AD3d 1456, 1457 [2009], *lv denied* 13 NY3d 942 [2010]; *People v Gratton*, 51 AD3d 1219, 1221 [2008], *lv denied* 11 NY3d 736 [2008]; *see also People v Peryea*, 68 AD3d 1144, 1147 [2009], *lv denied* 14 NY3d 804 [2010]; *People v Carpenter*, 35 AD3d 1092, 1093 [2006]).

Next, while defendant asserts that he did not receive the effective assistance of counsel at trial, he has not demonstrated " 'the absence of strategic or other legitimate explanations' for counsel's allegedly deficient conduct" (*People v Caban*, 5 NY3d 143, 152 [2005], quoting *People v Rivera*, 71 NY2d 705, 709 [1988]). Equally important, while errors may have been made by counsel during the trial, none was so egregious as to prejudice defendant's right to a fair trial (*see People v Caban*, 5 NY3d at 152; *People v Baldi*, 54 NY2d 137, 147 [1981]). In particular, defendant claims that counsel should have requested a bill of particulars prior to trial to provide him with additional information regarding the charges pending against him so as to aid counsel in preparing a defense. However, defendant, per a pretrial stipulation, had unrestricted access to the prosecution's file and, given the nature of the charges filed against him, was obviously aware of the conduct upon which those charges were based (*see People v Brown*, 248 AD2d 742, 743 [1998], *lv denied* 93 NY2d 922 [1999]; *compare People v Fleegle*, 295 AD2d 760, 763 [2002]). In addition, as part of the stipulation, County Court agreed to review the grand jury minutes for legal sufficiency and to conduct pretrial hearings to determine if certain evidence the prosecution proposed to present at trial should be suppressed. Also, despite defendant's contentions to the contrary, a *Frye* hearing was not required because expert testimony offered by the prosecution did not involve any novel procedures or innovative scientific theory (*see People v Wernick*, 89 NY2d 111, 115-116 [1996]; *People v Yates*, 290 AD2d 888, 890 [2002]).

Defendant also argues that counsel failed to respond appropriately during the voir dire to statements by three perspective jurors, which suggested that each harbored preconceived notions as to his guilt and were biased against him. However, two of these prospective jurors were dismissed on consent before any evidence was presented at trial, and the third, while at the outset of the voir dire made statements that raised concerns regarding her impartiality, upon clarification gave an unequivocal and credible assurance under oath that she could render an impartial verdict if chosen to serve (*see People v Molano*, 70 AD3d 1172, 1174 [2010]; *People v Button*, 56 AD3d 1043, 1045 [2008], *lv dismissed* 12 NY3d 781 [2009]). Moreover, counsel, in not objecting to the juror being seated, may well have had sound tactical reasons for not seeking to remove her from the jury panel (*see People v Colon*, 90 NY2d 824, 826 [1997]; *People v Sprowal*, 84 NY2d 113, 119 [1994]).

Defendant also argues that counsel erred by failing to object when the arresting officer, on redirect examination, testified to

statements defendant is alleged to have made for which no notice had been given prior to trial (*see* CPL 710.30). However, pretrial notice of such statements when introduced on redirect examination is not necessarily required, especially where, as here, the testimony was offered to rebut evidence developed during cross-examination of the witness (*see People v Walton*, 214 AD2d 805, 808 [1995], *lv denied* 86 NY2d 785 [1995]; *People v Robinson*, 205 AD2d 836, 838 [1994], *lv denied* 84 NY2d 831 [1994]). Likewise, evidence that defendant asked a witness to tamper with defendant's wife's vehicle prior to the incident was properly admitted on redirect examination to rebut testimony given by the witness on cross-examination that defendant had previously told him that he loved his estranged wife (*see People v Greene*, 13 AD3d 991, 993 [2004], *lv denied* 5 NY3d 789 [2005]).

Finally, defendant argues that counsel, based on our decision in *People v Stockholm* (279 AD2d 704 [2001]), should have moved to dismiss one of the counts in the indictment because, even though there were two people in the wife's vehicle at the time of the incident, the counts in the indictment allege the same course of conduct (*id.* at 706).* Initially, we note that the submission of both counts in the indictment to the jury did not expose defendant to an enhanced sentence (*see* Penal Law § 70.25 [2]) and did not result in any meaningful prejudice to him (*see People v Vargas*, 72 AD3d at 1120). Also, the failure to make such a claim given the various legal opinions that exist on this issue (*see People v Stockholm*, 279 AD2d at 706; *see also People v Payne*, 71 AD3d at 1290-1291; *People v Erickson*, 45 AD3d 902, 903 [2007], *lv denied* 9 NY3d 1033 [2008]; *People v Lozada*, 35 AD3d 969, 969-970 [2006], *lv denied* 8 NY3d 947 [2007]) cannot constitute ineffective assistance of counsel (*see People v Carter*, 7 NY3d 875, 876-877 [2006]).

We have considered defendant's remaining contentions and find them to be meritless.

Mercure, J.P., Peters, Spain and Malone Jr., JJ., concur. Ordered that the judgment is affirmed.

---

* To the extent that defendant raises the same issue on appeal, it is unpreserved and we discern no reason to exercise our interest of justice jurisdiction (*see People v Thompson*, 34 AD3d 931, 932 [2006], *lv denied* 7 NY3d 929 [2006]).