■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v YONAS SOLOMON, Also Known as YONOS SOLOMON, Appellant. [911 NYS2d 514]—

Rose, J. Appeal from a judgment of the County Court of

Schenectady County (Giardino, J.) rendered November 19, 2009, upon a verdict convicting defendant of the crime of criminal possession of a weapon in the second degree (two counts), criminal possession of a weapon in the third degree, tampering with physical evidence and reckless endangerment in the second degree.

A 9 millimeter copper-jacketed bullet was fired from inside the second floor apartment of a two-family dwelling, through the floorboards and into a bedroom in the first floor apartment where it lodged in the floorboards below. Five adults and five children were in the first floor apartment at the time of the shooting, including Carmen Rosada and Orlando Ocana, who resided there with their children. Ocana called 911 after the shot was fired; the police arrived eight minutes later and secured the building, and defendant emerged from the second floor apartment approximately 30 minutes later. Upon questioning, he professed to not know what had happened. No one else was found to be present in the second floor apartment and a search of the pockets of a jacket found in a bedroom closet a few feet from where the bullet had been fired into the floor revealed loose rounds of live 9 millimeter ammunition and a disassembled 9 millimeter pistol missing a slide stop, a very small piece that rendered the pistol inoperable. No other firearm was found.

Ultimately, defendant was charged with two counts of criminal possession of a weapon in the second degree (counts one and two), criminal possession of a weapon in the third degree (count three), tampering with physical evidence (count four) and reckless endangerment in the second degree (count five). After a jury trial, defendant was convicted of all five counts and sentenced to an aggregate prison term of 12 years with five years of postrelease supervision. Defendant appeals, contending that the verdicts are not based on legally sufficient evidence because the People failed to exclude the possibility of someone other than defendant being present in the apartment at the time the shot was fired. Alternatively, defendant challenges the weight of the evidence and the failure of County Court to give an expanded charge on circumstantial evidence. While we find that the conviction is supported by legally sufficient evidence and is not against the weight of the evidence, we agree with defendant that an expanded circumstantial evidence charge was required with respect to all but count three of the indictment and remit for a new trial on the remaining counts.

To establish a violation of each of these counts, the People were required to prove, among other elements, that the weapon found in the closet had been operable when the shot was fired.

The People offered no evidence that the weapon had recently been fired, and the only evidence linking the recovered bullet to the weapon in the closet was that they were "consistent." To eliminate the possibility that the shot had been fired from a different 9 millimeter weapon or by someone other than defendant, the People sought to demonstrate that a second person had not fled the apartment after the shot was fired. In attempting to establish that defendant was the only person present in the second floor apartment at the time of the shooting and, thus, the person who fired the shot, the People relied on the testimony of Rosada, Ocana and the responding officers. Rosada and Ocana testified that Ocana called 911 as soon as Rosada alerted him to what had happened. Between them, they monitored the only two exits from the building while waiting for the police to arrive, yet they heard no one come down the stairs and saw no one leave the house. Just prior to the arrival of the police, Ocana momentarily left his post at the front of the house to tell the others that the police were on their way. He then returned to the front, saw the police coming and let them in the apartment. The police arrived eight minutes after the 911 call was placed and the responding officers testified that they did not see anyone leaving the area on foot or in a vehicle as they approached the house before securing it. Considering this testimony in a light most favorable to the prosecution (*see People v Grassi*, 92 NY2d 695, 697 [1999]; *People v Hall*, 57 AD3d 1229, 1230 [2008], *lv denied* 12 NY3d 784 [2009]), a rational person could conclude that another individual would have been unable to leave the upstairs apartment undetected in the time between the firing of the shot and the arrival of the police.

Upon a conclusion that defendant was alone in the apartment at the time the shot was fired, and no other weapon having been found, it is reasonable to infer that he had possession of a loaded, operable firearm, fired a shot into the floor, created a substantial risk of serious physical injury to the occupants of the apartment below, and then disassembled the weapon and rendered it inoperable immediately prior to surrendering to the police. Evidence that there was a quantity of live 9 millimeter ammunition that could be used to discharge the weapon provides further proof supporting the conclusion that the weapon was loaded (*see* Penal Law § 265.00 [15]; *People v Tillery*, 60 AD3d 1203, 1205-1206 [2009], *lv denied* 12 NY3d 860 [2009]). Also, possession of an operable weapon is presumptive evidence of intent to use it unlawfully against another (*see* Penal Law § 265.15 [4]). The inference that the second floor apartment was not defendant's home at the time is supported by his statement made the following day that he was homeless and his

identification documents listing his residence elsewhere. Defendant also stipulated that he had previously been convicted of criminal sale of a controlled substance in the fifth degree.

Viewing all of the People's evidence in a light most favorable to them, a valid line of reasoning and permissible inferences support the jury's conclusion as to each of the five counts (*see People v Payne*, 71 AD3d 1289, 1291 [2010], *lv denied* 15 NY3d 777 [2010]; *People v Edwards*, 39 AD3d 1078, 1079 [2007]; *People v Javier*, 169 AD2d 681 [1991], *lv denied* 77 NY2d 962 [1991]). Although a different outcome would not have been unreasonable, upon our independent consideration of the evidence in a neutral light, we do not find that the verdicts are against the weight of the evidence (*see People v Carter*, 74 AD3d 1375, 1377-1378 [2010], *lv denied* 15 NY3d 772 [2010]; *People v Payne*, 71 AD3d at 1292; *People v Vargas*, 60 AD3d 1236, 1238 [2009], *lv denied* 13 NY3d 750 [2009]; *People v Javier*, 169 AD2d at 681).

We reverse and remit for a new trial, however, based on County Court's failure to give an expanded circumstantial evidence charge for those counts of the indictment based wholly on the circumstantial evidence that defendant possessed an operable weapon, fired the shot and did not make his home in the apartment (*see People v Brian*, 84 NY2d 887, 889 [1994]; *People v Richards*, 226 AD2d 559, 560 [1996], *lv denied* 88 NY2d 969 [1996]). Only count three—criminal possession of a weapon in the third degree—required no such charge because defendant stipulated to one of its elements. The verdicts on the other counts are necessarily based on additional inferences drawn from the direct evidence presented, requiring an expanded charge (*see People v Sanchez*, 61 NY2d 1022, 1023 [1984]; *People v Spencer*, 1 AD3d 709, 710-711 [2003]; *People v David*, 234 AD2d 787, 790 [1996], *lv denied* 89 NY2d 1034 [1997]).

Finally, given defendant's six prior felony convictions, previous incarceration and two parole violations, we find no extraordinary circumstances warranting reduction of the sentence on count three and conclude that it is not harsh and excessive (*see People v Robinson*, 72 AD3d 1277, 1278 [2010], *lv denied* 15 NY3d 809 [2010]; *People v Fairley*, 63 AD3d 1288, 1290-1291 [2009], *lv denied* 13 NY3d 743 [2009]).

Cardona, P.J., Lahtinen, Malone Jr. and McCarthy, JJ., concur. Ordered that the judgment is modified, on the law, by reversing so much thereof as convicted defendant of criminal possession of a weapon in the second degree, tampering with physical evidence and reckless endangerment in the second degree under counts one, two, four and five of the indictment; matter remitted to the County Court of Schenectady County for a new trial on those counts; and, as so modified, affirmed.