The People of the State of New York, Appellant,
against
Ali Alhaisi, Defendant-Respondent.



The People appeal from an order of the Criminal Court of the City of New York, Bronx County (Myrna Socorro, J.), dated November 20, 2017, which granted defendant's motion to dismiss for facial insufficiency.




Per Curiam.
Order (Myrna Socorro, J.), dated November 20, 2017, reversed, on the law, accusatory instrument reinstated, and matter remanded for further proceedings. 
The accusatory instrument was not jurisdictionally defective. Giving the information "a fair and not overly restrictive or technical reading" (People v Casey, 95 NY2d 354, 360 [2000], we find "as a matter of common sense and reasonable finding" (People v Davis, 13 NY3d 17, 31 [2009]), that it was legally sufficient to charge defendant with reckless endangerment in the second degree (see Penal Law § 120.20). The factual allegations concerning the discharge of defendant's loaded firearm in the basement of a commercial deli, resulting in four bullet holes in a wall, and one projectile lodged in the night stand of a connecting residence, supported the reasonable inference that defendant "recklessly engage[d] in conduct which create[d] a substantial risk of serious physical injury to another person" (Penal Law § 120.20; see People v Anatriello, 161 AD3d 1383, 1386 [2018], lv denied 31 NY3d 1144 [2018]; People v Solomon, 78 AD3d 1426 [2010], lv denied 16 NY3d 899, 900 [2011]; Matter of Carlos M., 40 AD3d 537 [2007]; People v Javier, 169 AD2d 681 [1991], lv denied 77 NY2d 962 [1991]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: February 19, 2019